520 So.2d 25 (1988)
THE FLORIDA BAR, Complainant,
v.
Richard G. NEWHOUSE, Respondent.
Nos. 70115, 70792.
Supreme Court of Florida.
February 11, 1988.
*26 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Jacquelyn Plasner Needelman and Richard B. Liss, Bar Counsel, Fort Lauderdale, for complainant.
Richard G. Newhouse, Fort Lauderdale, in pro. per.
PER CURIAM.
These disciplinary proceedings are before the Court for consideration of the referee's reports. We consolidated the two cases for disposition in one opinion. Our review of these uncontested referee's reports is governed by rule 3-7.6 of the Rules Regulating The Florida Bar.
In case no. 70,115, the referee found that in a previous bar discipline case, respondent attempted to obtain this Court's consideration of a late-filed petition for review by claiming that his retained attorney had agreed to represent him in the proceeding and had then failed to timely file the petition for review. The referee found that respondent's statements to this Court in his petition regarding the other attorney's agreement and failure to provide representation were false and were made with knowledge of their falsity. The referee recommended that respondent be found guilty of violating the former Florida Bar Code of Professional Responsibility, Disciplinary Rule 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and Disciplinary Rule 7-102(A)(5) (knowingly making a false statement of fact in the course of a legal proceeding). Referring to Florida's Standards for Imposing Lawyer sanctions, rule 6.11, the referee found that disbarment would be the appropriate discipline due to the intentional nature of the false statements made to a court. The referee also took into consideration various aggravating factors (a prior disciplinary offense, dishonest motive, misconduct found in a separate proceeding, and length of experience) under rule 9.11 of the standards and the lack of mitigation under rule 9.32. The referee recommended that respondent be disbarred.
In case no. 70,792, the referee found that respondent engaged in professional misconduct in connection with his handling of a settlement on behalf of a personal injury client. The injured client was a child and the action was brought through the parents as next friends. The injury occurred and the action was filed in 1982. In November, 1985, respondent filed a motion to amend the complaint to add the parents as plaintiffs and to seek recovery for their derivative claims. The motion was denied as being too late and too close in time to the trial date.
The defendant's insurer offered a settlement, which was accepted. The court entered an order approving the settlement, which directed that, after deducting amounts for the attorney's fee, medical bills, and costs, the balance of the settlement be placed in a guardianship account. Subsequent orders clarified the court's position and rejected respondent's attempt to *27 claim part of the settlement for the parents. In violation of these orders, respondent transferred a portion of the net settlement proceeds directly to the parents and a portion to himself. He also retained an amount that had been designated for payment of outstanding medical bills. The referee found that respondent knew he could not properly reimburse the minor plaintiff's parents because the proceeds were in setlement of the child's claim and not that of the parents. Respondent took the position that the court had no authority to restrict the allocation of the settlement proceeds but the referee found the respondent's position to be without merit.
For failing to abide by the court's orders regarding disbursement of the settlement proceeds, the referee recommended that respondent be found guilty of violating Disciplinary Rules 1-102(A)(1) (violation of a disciplinary rule); 1-102(A)(3) (illegal conduct involving moral turpitude); 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); and 1-102(A)(5) (conduct prejudicial to the administration of justice); as well as the former Integration Rule of The Florida Bar, article XI, rule 11.02()(a) (an act contrary to honesty, justice, or good morals); rule 11.02(3)(b) (misconduct constituting a felony or a misdemeanor); and rule 11.02(4) (use of entrusted funds for other than the intended purpose).
For counseling and assisting the parents of the injured minor child to violate the orders of the court regarding the disbursement of the settlement proceeds, the referee recommended that respondent be found guilty of violating Disciplinary Rule 1-102(A)(1), 1-102(A)(2) (circumventing a disciplinary rule through the acts of another); 1-102(A)(3), 1-102(A)(4), 1-102(A)(5), and 7-102(A)(7) (counseling a client to commit fraudulent conduct).
For failing to follow proper trust accounting procedures and maintain proper trust accounting records with regard to the settlement proceeds, the referee recommended that respondent be found guilty of violating article XI, rule 11.02(4), pertaining to trust accounting practices, and Disciplinary Rules 9-102(A) (trust funds must be kept in a separate account) and 9-102(B)(3) (failure to maintain complete records of client funds coming into a lawyer's possession).
The referee recommended that respondent be found guilty of violating article XI, rule 11.02(4)(d), in that he maintained an interest-bearing account into which client trust funds were deposited without complying with the provisions of such rule governing interest-bearing trust accounts.
The referee recommended that respondent be found guilty of violating rule 5-1.1(b) of the rules Regulating The Florida Bar, by reason of his failure to produce records in response to a subpoena issued by a grievance committee.
By reason of respondent's receipt of funds for the purpose of paying outstanding medical bills and litigation costs and then retaining the funds without paying such obligations, the referee recommended that respondent be found guilty of violating article XI, rules 11.02(3)(a), 11.02(3)(b), and 11.02(4) of the former Integration Rule and Disciplinary Rules 1-102(A)(3) and 1-102(A)(4).
The referee also recommended that respondent be found guilty of violating Disciplinary Rules 2-106(E) (failure to prepare a closing statement pertaining to the client's settlement recovery) and 5-105(B) (continuing multiple employment when professional judgment is likely to be affected).
Referring to rule 4.11 of Florida's Standards for Imposing Lawyer sanctions, the referee noted that respondent had knowingly converted a client's property and that therefore disbarment was appropriate. Rules 4.61 (deceit of client) and 6.21 (violation of court order) also indicated, the referee said, that disbarment would be appropriate in this case. Referring to rule 9.22, the referee found that respondent's previous record, dishonest motive, pattern of misconduct, noncooperation, deceptive practices, failure to acknowledge wrongdoing, and length of experience were aggravating factors. The referee found that there were no mitigating factors.
The respondent has not filed a petition for review in either case. Therefore, the referee's findings of fact are deemed *28 conclusive and the recommended disciplinary measures are presumed to be appropriate. Rule 3-7.6(c)(6), Rules Regulating The Florida Bar. In view of the fact that the referee's recommendation in case no. 70,115 was disbarment, in case no. 70,792 the referee recommends that the period of time that must expire before an application for bar admission can be filed be extended from five to ten years. Rule 3-5.1(f), Rules Regulating The Florida Bar.
We approve the referee's reports. Respondent Richard G. Newhouse is hereby disbarred. He may not apply to be again admitted to The Florida Bar until the expiration of a period of ten years from the date of this judgment. Respondent's disbarment shall take effect thirty days from the date of this judgment, thereby providing him with the time needed to close out his practice in an orderly fashion, taking steps to protect his clients. However, he shall accept no new clients and undertake no new legal business from the date of this judgment.
The costs of these proceedings are taxed against the respondent. Judgment for costs in the amount of $2435.60 is entered against Richard G. Newhouse, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.