PER CURIAM.
This disciplinary proceeding is before the Court for consideration of a referee’s report and supplemental report recommending that Richard G. Newhouse be found guilty of professional misconduct arising from misappropriation of client funds and failure to maintain adequate trust-accounting records. Newhouse has filed a petition for review, contesting the referee’s findings of fact and the recommended discipline. We have jurisdiction. Art. V, § 15, Fla. Const.
Following a hearing at which Newhouse was not present or represented, the referee found that Newhouse had misappropriated thousands of dollars belonging to a number of clients, had overcharged eight clients a total of $15,505.43 in unvalidated costs, had failed to maintain minimum trust account *474 procedures, and had failed to pay entrusted funds promptly upon request. The referee also found Newhouse guilty of commingling his funds with clients’ funds in his interest-bearing account and in his report deemed that Newhouse violated the following: Disciplinary Rules 1-102(A)(3) and (4), 2-106(A), 9-102(A) and (B)(4) of the Code of Professional Responsibility; Florida Bar Integration Rules 11.02(3)(a) and (b), 11.-02(4)(a), (b), (c) and (d); Section 11.02(4)(c) of the Bylaws under the Integration Rule; Rules 4-1.15(a) and (b) of the Rules of Professional Conduct; Rules 5-l.l(a), 5-1.-1(d)(3)(a), (b), and (c), 5-1.2(b) and (c) of the Rules Regulating Trust Accounts. The referee recommended that Newhouse be disbarred and not allowed to apply for readmission for a period of twenty years consecutive to any periods of disbarment previously ordered and that he be ordered to pay costs of $12,448.32 incurred by The Florida Bar and to make restitution of misappropriated funds as follows:
1. To the following seven individuals and their medical care providers:
Moazam Peshimen $1,500.00
Dolores Payne $1,170.00
Grady Wimberly • $1,168.90
Ernie LaGree $1,798.13
Kristinya Merriman $1,950.00
Albert Muscari $ 387.20 Elliott Scott $ 429.00
2.' Dr. Pinella and Louis Chavez $1,375.00
3. To the following-named eight individuals in the amounts indicated:
Lawrence Rothbard $1,753.62
Thelma Robinson $3,422.10
Grady Wimberly $1,125.81
Elliott Scott $ 215.76
Mario Gulinello $ 712.54
Angela Simmons $2,055.57
Nathan Spaulding $1,161.58
Kristinya Merriman $4,558.45
4. Luis Chavez $1,209.52
5. Ernie Lagree $2,126.94
6. Diane Schneider $3,461.54
7. Lawrence Rothbard $3,911.68
8. Greg Anderson $2,505.94
9. Rosie King $ 236.00
The referee justified his recommendation, in part, on the fact that Newhouse has previously received a public reprimand for a statement made in closing argument, The Florida Bar v. Newhouse, 498 So.2d 935 (Fla.1986), and, more significantly, has been previously disbarred by this Court with the prohibition against applying for readmission for a period of ten years, The Florida Bar v. Newhouse, 520 So.2d 25 (Fla.1988). In the instant case, the referee has recommended that Newhouse be prohibited from applying for readmission for twenty years consecutive to the previous disbarment. We reject Newhouse’s claim that some of the referee’s findings of fact are erroneous, and instead find the record supports both the findings of the referee and the recommended discipline.
Accordingly, we approve the referee’s report and hereby disbar Richard G. New-house from the practice of law without leave to reapply for a period of twenty years consecutive to the ten-year prohibition imposed by this Court in The Florida Bar v. Newhouse, 520 So.2d 25 (Fla.1988). Richard G. Newhouse is ordered to make restitution of the misappropriated funds to the individuals and in the amounts herein-above set forth. Judgment for costs in the amount of $12,448.32 is hereby entered against Richard G. Newhouse, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, GRIMES and KOGAN, JJ., concur.
SHAW and BARKETT, JJ., dissent.