PER CURIAM.
We are considering a petition for review of a referee’s report which found respondent violated the Code of Professional Responsibility.
The following findings are contained in the report and supplemental report of the referee:
“REPORT OF REFEREE
“Findings of Fact as to Each Item of Misconduct of Which the Respondent is Charged: After considering all of the pleadings, exhibits and evidence before me I find that:
“1. The respondent was a member of the Florida Bar and, also, a registered real estate broker; and the testimony, as to the facts, indicates that the real estate office and law office was located at the same physical location with a sign indicating that said office was both a real estate office and a law office. Therefore, as to Count 1 of the complaint of the Florida Bar, I find the respondent guilty of violating Disciplinary Rule 5-104(A) and 2-102(E) of the Code of Professional Responsibility; and he has violated Integration Rule 11.02(3)(a).
******
“Dated this 15th day of September, 1975.”
“SUPPLEMENTAL REPORT OF REFEREE
“As to II of the Report of Referee, the following Supplemental Report is submitted:
“As to Count III of the Bar’s Complaint, I find that the Respondent is guilty of violating disciplinary rule 1102(3)(B) [11.-02(3)(b)] of the Integration Rule of the Florida Bar and DR1-102(3) and (6) [DR1-102(A)(3, 6)].
“As to Count IV I find the Respondent guilty of violating rule 11.02(3) of the Integration Rule of the Florida Bar, and DR Rules 1-102(A)(4) and 2.106(A) and (B) [2-106(A, B)].
“In support of the finding herein, the Respondent on page 106 of the Testimony stated that he went down voluntarily and told Mr. Dardis (Chief Investigator for State Attorney’s Office) that the complaining witness, Mr. Mori, maintained a bribery payroll at Palmetto Lakes Industrial Park.
“Mr. Dardis testified that he received information from a Miami newspaper reporter, Morton Lucoff, that a person was in possession of information regarding some possible bribery and/or corruption in the Building and Zoning Department of Dade County, Florida. The reporter gave the investigator, Dardis, a telephone number, which turned out to be Mr. Kaufman’s number.
“This Testimony was also reinforced by the Testimony of Joan Berk, wherein she related that Mr. Kaufman, Respondent, stated to her that if he did not straighten out the money he owed with regard to his billing, and if he did not pay a real estate commission, then and in that event, someone would relate information to the State Attorney’s office, as well as the Internal Revenue Service.
“The above referred to Testimony was confirmed by Respondent, Kaufman, in that he admitted he told the newspaper reporter that he had information about the building inspectors being bribed. He also admitted telling reporter Lucoff that he should look into people on the bribery payroll of Eugene Mori of Palmetto Lakes Industrial Park.
******
“I recommend that the Respondent be suspended from the Practice of Law in Florida for a period of two (2) years beginning on the date of the acceptance of the Referee’s Report as to this recommendation.
“As to paragraph 5 in regard to the Supplemental Report herein, I have considered the resume submitted by Respondent that he is a practicing attorney for thirteen years and graduated from Wharton School, University of Pennsylvania 1952, attended Dickinson Law School, New York Law School 1956, New York University Law School 1958, graduate Law Division, and Masters of Law candi *432 date. He is a member of the Florida Bar, District of Columbia Bar, New York Bar, Registered Florida Real Estate broker, U.S. Supreme Court, U.S. Tax Court, U.S. Court of Appeals — 5th District, U.S. District Court — Southern District, Interstate Commerce Division, and Florida Public Service Commission.
“I also considered the professional organizations and past civic activities, as well as present listed civic activities. I also am aware of certain civil matters being litigated, but I am not aware of the status or the results of any such litigation, nor do I have benefit of any past disciplinary history.
“Dated this 18th day of August, 1976.”
We have reviewed the reports, the recommended discipline and the arguments of counsel, including the personal appearance of respondent. We have also considered the fact that the charges were filed more than three years before the matter was argued in this Court. During that time respondent has had time to evaluate his conduct and has experienced personal and professional detriment.
We adopt the findings of the referee. Instead of the recommended suspension, we place respondent on probation for two years from the effective date of this order. During said period he is directed to pass the ethics portion of The Florida Bar examination. The Florida Board of Bar Examiners is directed to administer the test or tests and report to this Court the results attained. Costs of same shall be paid by respondent.
We reserve jurisdiction of this cause for appropriate action in the event such examination shall not be passed by respondent as directed.
Respondent is directed to pay the costs of this proceeding in the amount of $1,288.80.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD and HATCHETT, JJ., concur.
ENGLAND, J., concurs in result only.