500 So.2d 140 (1986)
THE FLORIDA BAR, Complainant,
v.
Robert E. KNOWLES, Respondent.
No. 66822.
Supreme Court of Florida.
December 30, 1986.
*141 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Diane Victor Kuenzel, Bar Counsel, Tampa, for complainant.
Richard T. Earle, Jr. of Earle & Earle, St. Petersburg, for respondent.
BARKETT, Justice.
This disciplinary proceeding is before us on complaint of The Florida Bar and the referee's report. Respondent has filed a petition for review, contesting the referee's recommended discipline as excessively harsh. We have jurisdiction. Art. V, § 15, Fla. Const.
Neither side contests the referee's findings of fact. Between August 1979 and May 1983, respondent Knowles converted to his own personal use a total of $197,900 from the trust fund accounts of several of his clients.
The misappropriations were brought to the attention of The Florida Bar in August 1983, and on September 14, 1983, Knowles was suspended from the practice of law by order of the Supreme Court. He was later charged with eight counts of grand theft to which he pleaded no contest. Adjudication of guilt was withheld, and Knowles was sentenced to two years probation, three hundred hours of community service, and a $14,000 fine.
An admitted alcoholic, Knowles went into an alcohol rehabilitation center where he resided until treatment was terminated. Since then, Knowles has continued his rehabilitation through Alcoholics Anonymous and private therapy. He has consumed no alcoholic beverages since August 1983.
The referee recommended that Knowles be found guilty of violating Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (conduct that adversely reflects on fitness to practice law), 9-102(A) (failure to deposit client's funds into an identifiable bank or savings and loan association), 9-102(B)(3) (failure to maintain complete records of clients' property), and 9-102(B)(4) (failure to promptly deliver to client property client is entitled to receive) of the Code of Professional Responsibility, as well as article XI, Rules 11.02(3)(a) (committing acts contrary to honesty, justice, or good morals), 11.02(4) (misappropriation of trust funds), and 11.02(4)(b) (failure to maintain records of clients' funds and accounts) of the Integration Rule, and Bylaws Section 11.02(4)(c) (failure to apply proper trust accounting procedures). The referee recommended that respondent be disbarred for a minimum of three years.
Knowles argues that the recommended discipline is unduly harsh in light of the role that alcoholism played in causing his misconduct and his subsequent successful efforts towards rehabilitation. Knowles points out that he has not practiced law since September 1983, and that adoption of the referee's recommendation will prevent him from practicing for a total of at least seven years even though he stopped drinking in August 1983.
We agree with the referee and the Bar that the seriousness of the offense in this case warrants disbarment. See The Florida Bar v. Breed, 378 So.2d 783 (Fla. 1979) (Court will not be reluctant to disbar an attorney for misuse of clients' funds); The Florida Bar v. Harris, 400 So.2d 1220 (Fla. 1981) (continuing pattern of conversion of clients' funds, failure to account for clients' trust funds, and failure to maintain trust *142 records warrant disbarment). Although we recognize that alcoholism was the underlying cause of respondent's misconduct, it cannot constitute a mitigating factor sufficient to reverse the referee's recommendation to disbar under the facts in this case. The misappropriations occurred continuously over a period of approximately four years. During this time, respondent continued to work regularly. His income did not diminish discernably as a result of his alcoholism. We note further that the clients from whom he stole were elderly individuals who trusted him and for whom he held powers of attorney. Under these circumstances, we believe respondent should be disbarred regardless of his defense of alcoholism.
We do recognize, however, that respondent has ceased drinking and that he has his alcoholism under control. We note, too, that respondent promptly made restitution to his clients and, prior to this complaint, he had no disciplinary record. Taking these factors into account, we believe that the disbarment should run concurrently, nunc pro tunc, with the suspension which became effective September 14, 1983.
Accordingly, we adopt the referee's report and recommendation with the modification that respondent be disbarred nunc pro tunc commencing on September 14, 1983, without leave to reapply for admission to the Bar until he has successfully completed his criminal probation. Judgment for costs in the amount of $1,377.81 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.