550 So.2d 455 (1989)
THE FLORIDA BAR, Complainant,
v.
Ronald S. GOLUB, Respondent.
No. 71055.
Supreme Court of Florida.
September 28, 1989.
Rehearing Denied November 15, 1989.
*456 John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Randi Klayman Lazarus, Bar Counsel, and Kevin Tynan, Co-Bar Counsel, Miami, for complainant.
Ronald S. Golub, Miami, in pro. per.
PER CURIAM.
This disciplinary proceeding is before the Court for consideration of a referee's report filed pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const.
The respondent stipulated to the following facts, waiving a finding of probable cause:
(1) That the Respondent was an attorney and personal representative for the Estate of Cecil Harlig.
(2) That during the period of 1984 through 1986 the Respondent removed approximately $23,608.34 from the Estate of Cecil Harlig.
(3) That the Respondent did not have the permission of the heirs, debtors, or the Probate Court to remove said funds.
(4) That the removed funds have not been replaced to date.
Although admitting a violation of Disciplinary Rule 9-102(B)(4) of the Florida Bar's former Code of Professional Responsibility, the respondent argues that his extreme alcoholism, as the principal cause of his actions, significantly mitigates those actions. The referee agreed, recommending that respondent be suspended from the practice of law for three years.
Both the respondent and The Florida Bar petition this Court to reject that recommendation. The Florida Bar urges disbarment as the only appropriate sanction for these actions. The respondent argues that his alcoholism, as well as other mitigating circumstances such as his cooperation in these proceedings, his voluntary self-imposed suspension since 1986, and the absence of any prior disciplinary record, lead to the conclusion that a three-year suspension is too severe.
In this case, we agree with The Florida Bar. While alcoholism explains the respondent's conduct, it does not excuse it. As we stated in The Florida Bar v. Tunsil, 503 So.2d 1230, 1231 (Fla. 1986), "[i]n the hierarchy of offenses for which lawyers may be disciplined, stealing from a client must be among those at the very top of the list." Although we may consider such factors as alcoholism and cooperation in mitigation, we must also determine the extent and weight of such mitigating circumstances when balanced against the seriousness of the misconduct.
In this case, we believe that these circumstances do not outweigh the fact that the respondent stole substantial sums of money over an extended period of time from a client who had bestowed his trust upon the respondent to see that the client's beneficiaries were cared for after his death. The respondent betrayed that trust and has subsequently failed to repay the monies he removed. For such conduct, disbarment is the appropriate discipline.
Accordingly, we hereby disbar Ronald S. Golub for a period of five years, effective September 28, 1989, the date of this opinion. Golub may petition the Florida Board of Bar Examiners for reinstatement five years from the date of this opinion, although he may not be reinstated unless he submits proof of alcoholic rehabilitation. The Florida Bar's costs in this proceeding are assessed against respondent. Judgment is entered against Ronald S. Golub in the amount of $923.45, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.