PER CURIAM.
This is a bar disciplinary proceeding in which Lance E. Eisenberg petitions this Court for review of the referee’s report which recommended disbarment. The referee recommended that “the disbarment be nunc pro tunc September 3, 1987, which is the date that the respondent was suspended by the Supreme Court of Florida from practicing law due to his felony convictions.” We have jurisdiction,[1] and we approve the report of the referee.
The relevant facts reflect that Eisenberg, acting in his capacity as an attorney, participated in a conspiracy to conceal the proceeds from the illegal importation of marijuana. In August, 1983, Eisenberg wa,s indicted in Georgia for laundering drug money, and, in July of the following year, he entered into a plea agreement, agreeing to plead guilty to two federal felonies and to provide information to the government in exchange for the government’s dismissing indictments on other offenses in Florida and West Virginia. Eisenberg’s sentencing was delayed pending his cooperation with the federal authorities. He asserts that he voluntarily ceased practicing law and sought to resign from the Bar in 1984, when he entered into his plea agreement. At Eisenberg’s sentencing in 1986, the prosecutor emphasized to the United States District Judge the extent of Eisenberg’s cooperation, stating:
The number of areas in which he has provided cooperation goes well beyond what we anticipated. In trying to measure the impact of that cooperation, your Honor, he has assisted in what can be best described as an overall effort by the United States to dismantle domestic and foreign laundering operations.... His assistance has been essential and has been effective in achieving our goal.
Despite Eisenberg’s extensive cooperation with the federal authorities, the prosecutor still argued to the court that the seriousness of the crimes justified incarceration of up to five years. The judge sentenced Eisenberg to two years of incarceration, imposed five years’ probation to commence upon completion of the sentence, ordered him to pay a $20,000 fine, and, as a special condition of probation, directed him to surrender his license to practice law.
Eisenberg argues that disbarment in this proceeding is too severe and contends that the referee failed to consider mitigating evidence, especially evidence of his rehabilitation and cooperation with the federal authorities, which was presented at the disciplinary proceeding. On the other hand, the Bar argues that mitigating evidence is not relevant in a disciplinary proceeding, asserting that it should be considered only when an attorney applies for reinstatement.
We agree with Eisenberg’s position that consideration of mitigating evidence is appropriate at the sanction stage of a disciplinary proceeding and that consideration of this evidence is clearly in ac *355 cordance with the Florida Standards for Imposing Lawyer Sanctions.[2] Although we agree with Eisenberg’s position that referees should consider evidence in mitigation in recommending the appropriate discipline, we disagree with his contention that the referee failed to consider the mitigating evidence presented in this proceeding. The referee could have recommended disbarment without making the order effective nunc pro tunc the date of suspension. Under that circumstance, the disbarment would have commenced on the date our opinion was released. Further, the referee could have recommended a longer period of disbarment before the respondent could seek readmission. These were serious drug offenses, and, as we stated in The Florida Bar v. Hecker, 475 So.2d 1240 (Fla.1985), “participation in [illegal drug] activities ... will be dealt with severely.” Id. at 1243.
We find that the referee’s recommendation of the effective date of disbarment indicates that he did consider the mitigating factors in making his recommendation of discipline to the Court, and we conclude that the discipline is appropriate.
Accordingly, we approve the referee’s recommendation that Lance E. Eisenberg be disbarred nunc pro tunc September 3, 1987. Judgment for costs in the amount of $663.50 is hereby entered against Lance E. Eisenberg, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, MCDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

. Art. V, § 15, Fla. Const.

. The relevant sections of the Florida Standards for Imposing Lawyer Sanctions are as follows:
9.1 Generally
After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.
[[Image here]]
9.32 Factors which may be considered in mitigation. Mitigating factors include:
(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure to disciplinary board or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical or mental disability or impairment;
(i) unreasonable delay in disciplinary proceeding, provided that the respondent did not substantially contribute to the delay and provided further that the respondent has demonstrated specific prejudice resulting from that delay;
(j) interim rehabilitation;
(k) imposition of other penalties or sanctions;
(/) remorse;
(m) remoteness of prior offenses.
(Emphasis added.)