PER CURIAM.
We review the referee’s report recommending that Joseph C. Hooper be suspended from the practice of law for a period of one year, with conditions. We have jurisdiction. Art. V, § 15, Fla. Const.
In its complaint, The Florida Bar alleged that Hooper previously has been convictéd of two counts of indecent exposure, in contravention of section 800.03, Florida Statutes (1987). While still on probation for these prior convictions, Hooper committed another similar offense and then repeatedly failed to appear for court appearances arising from this offense and Hooper’s violation of probation.
In his findings, the referee reached the following relevant conclusions:
The transcript of the [disciplinary] hearing shows that the respondent was disorganized and totally unprepared for this important event. There is no question but that the respondent committed all of the acts specified in the charges against him.
The referee concluded that Hooper has “a penchant for a type of misbehavior which causes him to be unable to effectively per *1081 form his duties as an attorney....” Based on these findings, the referee concluded that Hooper had violated the rules of ethics.* The referee recommended that Hooper be suspended from the practice of law for no less than one year and that he undergo appropriate psychiatric or psychological evaluation.
The findings are fully supported by the record and thus are adopted by this Court. We concur with the discipline recommended by the referee. Joseph C. Hooper shall be suspended from the practice of law for a period of one year and thereafter until such time as he proves rehabilitation to the satisfaction of The Florida Bar. In his efforts to rehabilitate himself, Hooper shall undergo psychiatric or psychological evaluation approved by The Florida Bar and shall submit himself to any treatment that may be recommended as a result of this evaluation.
Respondent is hereby suspended effective August 27, 1990, thereby giving him thirty days to take the necessary steps to protect his clients. He shall accept no new business after the date of this opinion and shall comply with the requirements of rule 8-5.1(h) of the Rules Regulating the Florida Bar. Judgment for costs is entered in favor of The Florida Bar in the amount of $1,344.40, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, ehrlich, barkett, GRIMES and KOGAN, JJ., concur.

 The referee’s findings do not cite to any specific rules that were broken. We agree with The Florida Bar, however, that Hooper violated Rules Regulating The Florida Bar 4-8.4(b) (committing a criminal act reflecting adversely on fitness as a lawyer) and 4-8.4(d) (engaging in conduct prejudicial to the administration of justice).