567 So.2d 430 (1990)
THE FLORIDA BAR, Complainant,
v.
Jeffrey SHUMINER, Respondent.
No. 72886.
Supreme Court of Florida.
October 11, 1990.
*431 John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Patricia S. Etkin, Bar Counsel, and Randi Klayman Lazarus and Jo-Ann Braverman, Co-Bar Counsel, Miami, for complainant.
Richard Baron of Baron and Cliff, and Nicholas R. Friedman of Friedman, Baur, Miller & Webner, P.A., Miami, for respondent.

ON MOTION FOR REHEARING
PER CURIAM.
We have for consideration a referee's report finding misconduct. The referee recommends that Shuminer be suspended for eighteen months for misappropriating trust account funds. The Florida Bar (Bar) has petitioned for review, seeking disbarment. We have jurisdiction. Art. V, § 15, Fla. Const.; Rule Regulating Fla. Bar 3-7.6.
In April 1987, respondent Shuminer received from Felipe Sudarsky $11,000 to be held in trust for use in a pending real estate transaction. After issuing himself a check for $500 for attorney's fees for his role in the transaction, Shuminer failed to maintain the balance in the account, but rather used it for other, unauthorized, purposes. Later that year, he represented Frank Alexander in a personal injury claim arising from an automobile accident. In conjunction with this case, he handled the claim for property damage to the vehicle on behalf of the owner, Mrs. Alexander. During June 1987, he settled the claims of Alexander and Mrs. Alexander with the insurers for $6,000 and $1,589 respectively, without their prior knowledge and consent. Between June 1987, and January 1988, he failed to tell Alexander that he had settled his claim; rather, he told him that settlement negotiations were proceeding and that the insurer had offered only $3,200. Shuminer failed to deposit the settlement proceeds in his client trust account. Instead, he deposited the checks in his office operating account and the very same day issued a check for $5,000 from this account to Prestige Imports toward purchase of a Jaguar automobile for himself. Additionally, in November 1986, he executed a doctor's lien on settlement proceeds to cover the fees for medical services rendered to Alexander; he failed to satisfy this lien.
In July 1987, Shuminer settled an auto accident claim with the insurer on behalf of Eduardo Soto for $3,200. He deposited the funds in his trust account, issued a check to himself for fees, paid Soto his share, but failed to satisfy a doctor's lien that he had executed for $1,000; instead, he misappropriated the money. During the same month, he settled another auto accident claim for Nestor Garcia for $4,500. He again deposited the funds in his trust account, issued a check to himself for fees, paid his client, but failed to satisfy a doctor's lien for $500 and failed to pay sales taxes of $56.20, again misappropriating the funds. Shuminer entered an unconditional guilty plea in disciplinary proceedings initiated by the Bar and the referee found him guilty of violating the following Rules Regulating The Florida Bar: 3-4.3 (regulating acts contrary to honesty and justice); 4-1.2(a), 4-1.4(a) & (b), 4-1.15(a) & (b), 4-8.4(c) (regulating scope of representation, client communication, safekeeping property, and conduct involving dishonesty, fraud, deceit, or misrepresentation); and 5-1.1 (regulating trust accounts). In his report, the referee noted that Shuminer called several witnesses in mitigation:
A. Dr. John Eustace, M.D. the Director of the Mt. Sinai Medical Centers Chemical Dependency Treatment Unit and a Board Certified [Addictionologist) diagnosed the respondent to be chemically dependant on alcohol and cocaine at the time of the above violations. The respondent has been a drug abuser since *432 he was 10 years old. Dr. Eustace has been supervising respondent's medical care which has consisted of detoxification, voluntary long term treatment including in-hospital extended treatment at COPAQ, supervised by Florida Lawyers Assistance [F.L.A. Inc.], this and Alcoholic's Anonymous and Narcotics Anonymous. Dr. Eustace testified the addiction was the cause of the respondents [disciplinary] violation and that the respondent's prognosis for recovery was excellent.
B. William Kilby, Esquire, the staff attorney for F.L.A. Inc. testified that the respondent was under contract with them, they have been supervising him and he has been in full compliance. Their program includes: 1-Random drug testing, 2-Professional support groups and 3-Narcotics and Alcoholics Anonymous.
C. The Honorable Catherine Pooler, Dade County Court Judge and the Honorable Roy T. Gelber, Circuit Judge of the 11th Circuit both testified the respondent was an excellent and [competent] attorney and of good moral character.
The referee found the following factors in mitigation:
1. An absence of any prior disciplines.
2. Great personal and emotional problems including his disease of addiction, his impairment and his family and material problem.
3. A timely and good faith effort at restitution made to all clients. Moneys owed to Dr. Lawrence Tuchinsky and Dr. David Tuchinsky are still owed, although a recent plan of repayment has been made.
4. Cooperation with the Bar in that a probable cause hearing was waived and an unconditional guilty plea was entered in the proceeding.
5. His inexperience in the practice of law, that being a total of one year.
6. His character and reputation were good as [testified] to by two Judges.
7. He was clearly mentally impaired due to his addiction.
8. He has been seriously, productively and successfully involved in rehabilitation for over one (1) year.
9. He has expressed and shown remorse which this referee feels to be genuine.
The referee recommended the following disciplinary action:
1. That the respondent be suspended from the practice of law for eighteen (18) months effective immediately and thereafter until he proves [rehabilitation] and payment of all restitution and costs assessed pursuant hereto.
2. Thereafter, he shall be on probation for thirty (30) months. As conditions of his probation he shall not have use of any trust accounts and shall be under the supervision of F.L.A. Inc.
3. He shall perform one hundred (100) hours of community service.
4. He shall pay costs of this proceeding of $2,956.10.
The Bar filed a petition for review with this Court seeking disbarment rather than the recommended discipline.
We find this case to be nearly identical to that presented in The Florida Bar v. Knowles, 500 So.2d 140 (Fla. 1986), another instance of misappropriation of trust account funds. There, even though Knowles made full restitution, had no prior disciplinary record, and had successfully completed an alcoholic rehabilitation program, we found that disbarment was appropriate. We pointed out that during the period when the misconduct occurred, Knowles had continued to work regularly and his income did not diminish discernibly as a result of his alcoholism. So too here, Shuminer has failed to establish that his addictions rose to a sufficient level of impairment to outweigh the seriousness of his offenses. He continued to work effectively during the period in issue, and he used a significant portion of the stolen funds not to support or conceal his addictions but rather to purchase a luxury automobile. "In the hierarchy of offenses for which *433 lawyers may be disciplined, stealing from a client must be among those at the very top of the list." The Florida Bar v. Tunsil, 503 So.2d 1230, 1231 (Fla. 1986).
Accordingly, we disbar Jeffrey Shuminer for a period of five years, effective November 19, 1988, the date he voluntarily ceased practicing law. Shuminer may petition the Florida Board of Bar Examiners for readmission five years from this date, and must submit proof of alcohol and drug rehabilitation. Judgment is entered against him for the amount of $2,956.10, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.