KOGAN, Justice,
concurring in part, dissenting in part.
I concur as to guilt but dissent as to discipline. While I agree with The Florida Bar that six months is an inadequate discipline, I also would exceed the Bar’s request for a three-year suspension and instead disbar this respondent.
Crowder misappropriated a considerable amount of money from an estate entrusted to his care. In the past, this Court has underscored the seriousness of such an offense and noted that disbarment was a possible, if not likely, discipline. The Fla. Bar v. Breed, 378 So.2d 783 (Fla.1979). Indeed, we have disbarred for a similar offense even where the attorney demonstrated a mitigating factor of extreme alcoholism that resulted in impaired judgment. The Fla. Bar v. Golub, 550 So.2d 455 (Fla.1989).
Here, Crowder’s offense is less mitigated than that in Golub. Crowder has a prior disciplinary record, albeit for minor offenses, and there is no substantial mitigating explanation for his misconduct. He removed funds on several occasions and neglected the affairs of the estate for a two-year period, until a new attorney had to be hired to represent the estate. Without supporting evidence indicating physical or mental impairment, I cannot agree that Crowder’s age of 71 years is a mitigating factor. The precedent in Golub and sound public policy both require disbarment.