PER CURIAM.
In this disciplinary case The Florida Bar seeks disbarment of Robert V. Palmer, presently a member of The Florida Bar. We have jurisdiction pursuant to article V, section 15, Florida Constitution, and agree that Palmer should be disbarred.
The Florida Bar filed a four-count complaint against Palmer and later amended it to include a fifth count which alleged that Palmer had stolen clients’ funds. The bar also filed a request for admissions to which Palmer never replied. When the referee scheduled the matter for final hearing, Palmer requested a continuance because of a family-related emergency. After the referee denied the continuance, Palmer and bar counsel, in a telephone conversation to which the referee and his lawyer were parties, stipulated to a consent judgment with five-year disbarment, retroactive to the date of Palmer’s temporary suspension, and payment of costs. When bar counsel formalized the agreement in writing, however, Palmer refused to sign it. The referee, after a hearing in which Palmer participated, enforced the agreement and recommended that Palmer be found guilty on five counts of disciplinary violations and disbarred.
Palmer contends that the consent judgment is nonbinding because the agreement was made under duress when the referee wrongfully denied a continuance. Palmer does not suggest error in the findings on the five counts, but urges that he has been deprived of an opportunity to present mitigating evidence. He did not disclose the nature of this mitigation to the referee, nor has he advised us of it.
*235 Considering that Palmer has been convicted of the felonies of unlawful possession of cocaine and theft of client funds, that his trust account was substantially and frequently out of balance, and that he had received payment for legal acts he never performed, this is a clear case for disbarment. Cf. The Fla. Bar v. Shuminer, 567 So.2d 430 (Fla.1990); The Fla. Bar v. Eisenberg, 555 So.2d 353 (Fla.1989); The Fla. Bar v. Golub, 550 So.2d 455 (Fla. 1989). We find no error in the referee’s terminating the proceedings by enforcing the consent judgment.
We therefore approve the referee’s report and disbar Robert V. Palmer, retroactive to May 4,1989. Judgment for costs of $15,177.77 is entered for The Florida Bar against Robert V. Palmer, for which sum execution may issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.