616 So.2d 975 (1993)
THE FLORIDA BAR, Complainant,
v.
Alan K. MARCUS, Respondent.
No. 72505.
Supreme Court of Florida.
April 15, 1993.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Warren Jay Stamm, Bar Counsel and Arlene K. Sankel, Co-Bar Counsel, Miami, for complainant.
Louis M. Jepeway, Jr. of Jepeway and Jepeway, P.A., Sheldon Zilbert, Miami, and John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
The Florida Bar petitions this Court to review the findings of fact and recommendations as to discipline in a referee's report. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
This proceeding arose from Alan K. Marcus' systematic and repeated misappropriation of client funds while he was employed as an associate in a law firm. Marcus *976 misrepresented to the firm's client, Great American Insurance Company, that he either had or would be settling a claim against them for a designated sum. However, Marcus would actually settle the claim for less than he represented. When the insurance company adjusters forwarded the designated sum, Marcus would deposit the money in an account that was not maintained by the firm and misappropriate the difference. Marcus misappropriated at least $39,000 in this manner. After the misappropriation was discovered but before the matter came before the Bar Grievance Committee, Marcus made full restitution of all funds taken.
The Florida Bar filed a complaint against Marcus on May 31, 1988. This Court appointed a referee to conduct disciplinary proceedings relating to that complaint. At the final hearing on February 10, 1989, Marcus entered an Unconditional Guilty Plea and Consent Judgment. The oral consent judgment provided for an eighteen-month suspension with lifetime probation for substance abuse. Additionally, the consent judgment imposed a five-year trust account probation with random audits of the respondent's trust account by the Bar.
The report of the referee, which was entered on May 2, 1989, found Marcus guilty of the following violations: Rule 11.02(3)(A) (commission by a lawyer of any act contrary to honesty, justice or good morals) of the former Integration Rule of The Florida Bar; and Disciplinary Rules 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects on fitness to practice law) of the former Code of Professional Responsibility.
On June 14, 1989, this Court directed the Bar and Marcus to file simultaneous briefs as to the discipline recommended by the referee. Marcus filed a motion seeking remand to the referee for an evidentiary hearing. The motion noted that, because of the agreement with the Bar, Marcus had not presented mitigating evidence that would indicate that he was acting under the influence of cocaine at the time he misappropriated the funds, nor had he presented any evidence of his subsequent rehabilitation. The Bar responded with a request to present additional testimony in aggravation. On November 13, 1989, this Court remanded the cause to the referee "for the taking of additional evidence relative to the issue of mitigation."
Upon the Bar's filing of a Notice of Determination of Guilt,[1] this Court suspended Marcus from the practice of law effective December 23, 1991.[2] The Bar subsequently filed a motion asking this Court to take judicial notice of and supplement the record to include both the felony conviction in federal court and the order of suspension by this Court.
After an evidentiary hearing at which Marcus presented thirteen witnesses, the referee filed an amended report, dated February 18, 1992,[3] which made the following findings:
(1) As previously established, there was a direct and causal link between the Respondent[']s misconduct and his narcotic addiction to cocaine.
(2) Respondent has established a repore [sic] and strong affiliation with Narcotics Anonymous Program over the last three years and continues this affiliation on a biweekly basis.

*977 (3) Respondent has successfully fulfilled a two year contract with the Florida Lawyers Assistance Corporation and voluntarily continues to report to his assigned monitor to date.
(4) Respondent has shown an active and helpful role in the recover[y] of other suffering addicts.
(5) Respondent adequately and responsibly performs as an attorney in the community today.
(6) Respondent has made full restitution to the harmed parties.
The referee recommended an eighteen-month suspension but reduced the period of probation to three years, during which time Marcus would be required to enroll in and successfully complete a Florida Lawyers Assistance, Inc. rehabilitation program.
The Bar now argues that Marcus should be disbarred as disbarment is the recommended sanction for one convicted of a felony and one who has stolen or misappropriated clients' funds. In support of this contention, the Bar cites The Florida Bar v. Shuminer, 567 So.2d 430 (Fla. 1990), The Florida Bar v. Golub, 550 So.2d 455 (Fla. 1989), and The Florida Bar v. Knowles, 500 So.2d 140 (Fla. 1986). In Golub, this Court rejected a referee's recommendation of a three-year suspension and instead disbarred an attorney for the unauthorized removal of substantial sums from an estate, notwithstanding the mitigation of alcoholism and cooperation. 550 So.2d at 456. In Shuminer and Knowles, the Court directed disbarment because the evidence indicated that the lawyers continued to work effectively during the time of the misappropriations and failed to establish that their addictions rose to a sufficient level of impairment to outweigh the seriousness of the offenses. 567 So.2d at 432; 500 So.2d at 142. The Bar also cites the Florida Standards for Imposing Lawyer Sanctions, which provides that "[d]isbarment is appropriate when... a lawyer is convicted of a felony under applicable law." Florida Standards for Imposing Lawyer Sanctions § 5.11(a) (Fla.Bar Bd. Governors 1992).
Although we agree in principle with the Bar's position, we also note that this Court has rejected an automatic disbarment rule for attorneys who are convicted of a felony. Instead, the Court continues to view each case solely on the merits presented. The Fla. Bar v. Jahn, 509 So.2d 285 (Fla. 1987). Because this case presents a number of unusual circumstances, we find that disbarment is not appropriate. Instead, the respondent should be suspended from the practice of law for three years followed by a three-year period of probation upon his readmission.
The Florida Standards for Imposing Lawyer Sanctions specifies the factors which may be considered in mitigation. Several of these mitigating factors apply to the instant case, including a "timely good faith effort to make restitution", an "unreasonable delay in disciplinary proceeding", and "interim rehabilitation." Florida Standards for Imposing Lawyer Sanctions § 9.32(d), (i), (j) (Fla.Bar Bd.Governors 1992).
In mitigating the discipline imposed in Jahn, this Court considered both the attorney's "efforts to rid himself of his chemical dependency" and the fact that his "misconduct was directly related to his drug addiction." 509 So.2d at 287. The evidence in the instant case supports the referee's finding that "there was a direct and causal link between the Respondent[']s misconduct and his narcotic addiction to cocaine." The referee heard testimony from doctors, family members, friends, and lawyers about the change that took place in Marcus' personality, conduct, and behavior during the six-month period of his addiction. Although Marcus was able to continue practicing law, he did realize that his condition was deteriorating rapidly, recognized his need for treatment, and promptly obtained treatment. The period of addiction was of short duration, and Marcus has been drug-free since December 1986.
The Bar filed the original charges against Marcus almost five years ago. The resolution of this matter was originally delayed when this Court remanded it to the referee for an evidentiary hearing on the *978 issue of mitigation. Following that evidentiary hearing, the referee issued a report dated July 23, 1990. However, the Court did not receive the report until January 1992 when it requested a copy of the report from the referee. The referee subsequently submitted an amended report in February 1992. That amended report is the subject of the Bar's petition in this case.
The delay in the handling of this matter, which was through no fault of the respondent, should be considered as mitigating the discipline to be imposed. In The Florida Bar v. Guard, 453 So.2d 392 (Fla. 1984), we found that a seventeen-month delay in the issuance of a referee's report was sufficient to reduce a one-year suspension to a thirty-day suspension. Additionally, in a case where three years elapsed between the filing of charges and oral argument before the Court, we placed the attorney on probation for two years rather than suspending him for two years as the referee recommended. The Fla. Bar v. Kaufman, 347 So.2d 430 (Fla. 1977). We explained that the "respondent has had time to evaluate his conduct and has experienced personal and professional detriment" during those three years. Id. at 432.
In the instant case, Marcus has had time to reflect upon his own conduct and has also experienced personal and professional detriment. Moreover, Marcus' conduct during the lengthy resolution of this matter supports the referee's finding of rehabilitation: Marcus has been drug-free since December 1986; he has completed the initial rehabilitation program; he has been continuously affiliated with Narcotics Anonymous; he continues to report voluntarily to a monitor after the successful completion of a two-year contract with the Florida Lawyers Assistance Corporation; and he has taken an active and helpful role in the recovery of other addicts.
Finally, we also find that this case is distinguished by the plea bargain and the discipline to which the Bar agreed. Marcus and the Bar originally agreed to a consent judgment requiring an eighteen-month suspension and lifetime probation for substance abuse. The Bar did not question the agreed-upon discipline until this Court asked for briefs regarding that discipline. Only then did the Bar ask for the opportunity to present evidence to aggravate the discipline recommended by the referee.
The misappropriation of a client's funds "is one of the most serious offenses a lawyer can commit" and, "absent sufficient mitigating factors, compels the extreme sanction of disbarment." The Fla. Bar v. Tunsil, 503 So.2d 1230, 1231 (Fla. 1986). In this case we find that the mitigating factors of cocaine addiction, successful rehabilitation, the lengthy delay in resolving the matter, and the previous consent judgment warrant the imposition of less than the presumed discipline of disbarment. While not dispositive in and of themselves, we also note that Marcus made early restitution in this case and entered a plea of guilty to offenses which had not been charged by the Bar.
Accordingly, Marcus is hereby suspended from the practice of law for a period of three years nunc pro tunc December 23, 1991, followed by a period of probation of three years during which time Marcus shall submit to drug tests no less than quarterly. Judgment is entered against Marcus for costs in the amount of $2,665.05, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., dissents with an opinion, in which McDONALD, J., concurs.
KOGAN, Justice, dissenting.
I would disbar the respondent.
McDONALD, J., concurs.
NOTES
[1] Marcus was indicted by a federal grand jury for nine felony counts on August 24, 1990. On July 22, 1991, Marcus entered a plea of guilty to one of the felony counts in the United States District Court for the Southern District of Florida. The remaining counts were dismissed and Marcus was sentenced on October 1, 1991. The criminal conduct that was the basis of the federal indictment and conviction is the same conduct that prompted this disciplinary proceeding.
[2] Apparently the referee was unaware of this suspension as the referee's amended report of February 18, 1992, stated that Marcus "adequately and responsibly performs as an attorney in the community today."
[3] After the evidentiary hearing, the referee filed a report dated July 23, 1990. However, that report was not submitted to this Court until January 17, 1992. The referee subsequently filed the amended report dated February 18, 1992.