PER CURIAM.
We have for review a referee’s report finding misconduct and recommending that Respondent be suspended for ninety days for making obscene phone calls. The Florida Bar has petitioned for review, seeking a three-year suspension. We have jurisdiction.[1]
From June 1986 until his apprehension by police in April 1991, Respondent made obscene calls to a woman in Tallahassee. The phone calls originated in Tallahassee and occurred on weekends when Florida State University had home football games. When in Tallahassee on these visits, Respondent would consume alcohol and use cocaine throughout. In May 1991 Respondent pleaded guilty to six counts of making obscene phone calls in violation of section 365.16(l)(d), Florida Statutes (1989), and was sentenced to thirty days in jail and six months probation, fined, and assessed costs.
Almost immediately after his arrest, Respondent voluntarily entered Golden Valley Health Center, a Minnesota institution that specializes in diagnosing and treating sexual psychiatric disorders. When Respondent was discharged after staying at Golden Valley for one month, he was diagnosed as having adjustment disorder with emotional features, alcoholism, mixed chemical abuse (cocaine), a psychological disorder, and narcissistic and dependency personality traits. The discharge plan recommended securing the services of a therapist, attending chemical dependency treatment, and seeking help from various support groups, including Recovering Lawyers Alcoholics Anonymous Group.
After discharge from Golden Valley, Respondent remained for one week at Park-side Lodge of Florida for treatment of his alcoholism and cocaine addiction. He then sought the services of the Florida Lawyers Assistance Program, Inc., and as part of this program, joined Alcoholics Anonymous. Under his agreement with the Florida Lawyers Assistance Program, he reports to his monitor monthly and is tested randomly for drugs and alcohol roughly every three months. All tests have proven negative. Respondent also has been receiving treatment for sexual addiction since July 1991.
Respondent has acknowledged placing obscene phone calls since age eleven, and he was previously arrested in 1978 for *995 making obscene phone calls.[2] At that time, Respondent complied with the probationary conditions set forth in his plea agreement, including treatment by a psychologist. That psychologist did not diagnose Respondent’s problems as relating to alcohol or drug consumption.
In this disciplinary action, the referee found Respondent guilty of violating various provisions of the Rules Regulating The Florida Bar,[3] and recommended a ninety-day suspension, along with probation for an indefinite time, possibly for as long as he remains a member of The Florida Bar. Under the referee’s recommendations, Respondent must submit to an evaluation by a psychiatrist of The Florida Bar’s choosing before the end of the ninety-day suspension, with the evaluation and report forwarded to this Court. The referee recommended as conditions of probation that Respondent would continue regular professional counseling and therapy to treat his psychiatric problems; abstain from alcohol or controlled substance use; continue using Alcoholics Anonymous and Florida Lawyers Assistance, Inc.; randomly test for alcohol and drug use at least twice monthly at Respondent’s expense; and continue being monitored by Florida Lawyers Assistance.
In reaching his conclusion, the referee considered the aggravating and mitigating factors set forth in the Florida Standards for Imposing Lawyer Sanctions 9.22 and 9.32. In aggravation, the referee found a pattern of misconduct and multiple offenses. In mitigation, the referee found absence of prior disciplinary record; absence of dishonest or selfish motivation; and full and free disclosure to the disciplinary board or cooperative attitude toward the disciplinary proceedings. The referee also found that the conduct at issue was caused by Respondent’s personal and emotional problems, and his addictions to cocaine and alcohol; that after his apprehension Respondent attempted to rectify the situation by apologizing to the victim; that Respondent is truly remorseful and is determined to rehabilitate himself; and that neither a client nor the administration of justice was injured by Respondent’s conduct.
The Bar filed a petition for review with this Court seeking a three-year suspension rather than the recommended discipline. We agree in part with The Bar’s petition.
The Bar argues that harsh discipline is sometimes warranted even when alcoholism serves in mitigation. As examples, The Bar notes that this Court disbarred the attorneys in The Florida Bar v. Shuminer, 567 So.2d 430 (Fla.1990) and The Florida Bar v. Knowles, 500 So.2d 140 (Fla.1986). However, we find these cases distinguishable in that both Shuminer’s and Knowles’ misconduct occurred within the practice of law and involved the misappropriation of clients’ funds.
Bar discipline exists primarily to protect the public from misconduct that occurs in the course of an attorney’s representation of a client. Standard 3.0 of the Florida Standards for Imposing Lawyer Sanctions states: “In imposing a sanction after a finding of lawyer misconduct, a court shall consider the following factors: (a) the duty violated; (b) the lawyer’s mental state; (c) the potential or actual injury caused by the lawyer’s misconduct; and (d) the existence of aggravating or mitigating factors.” In light of these factors, we have repeatedly found that “[i]n the hierarchy of offenses for which lawyers may be disciplined, stealing from a client must be among those at the very top of the list.” The Fla. Bar v. Tunsil, 503 So.2d 1230 (Fla.1986).
This Court likewise has recognized that misconduct'occurring outside the practice of law or in which the attorney violates no *996 duty to a client may be subject to lesser discipline. In a case resulting from a criminal conviction, discipline is imposed in addition to the criminal penalty already exacted in the criminal case. Thus, in some cases, a ninety-day suspension or less might be the appropriate discipline for a conviction that does not relate to the practice of law or involve fraud or dishonesty. However, notwithstanding the lack of client involvement here, we are disturbed by several aspects of this case.
We cannot agree with the referee’s finding of two mitigators: “absence of a dishonest or selfish motive” and “absence of a prior disciplinary record.” Selfish motivation is not limited to motivation for financial gain. Respondent made the calls for personal gratification, clearly a selfish motive. Similarly, this Court cannot limit the definition of a prior disciplinary record to The Florida Bar’s record of discipline when Respondent had a prior criminal record for an identical offense.
Respondent argues that his problems stem from alcohol and drug abuse and that he was unaware of his need for counseling. In the prior criminal proceeding in 1978, Respondent implicitly, if not expressly, indicated that he would not repeat his offense. At that time, he also agreed to undergo psychological treatment. Respondent’s problems clearly do not stem from his alcohol and drug use, but are deep-seated and additional to these addictions. Thus, we cannot accept the referee’s conclusion that Respondent was not aware of his problems until he was rearrested in 1991.
In The Florida Bar v. Hooper, 564 So.2d 1080 (Fla.1990), we suspended Hooper for one year for indecent exposure after previously being convicted of two counts of the same offense. We find Respondent’s misconduct even more egregious. Hooper engaged in three random, isolated acts of minute duration, whereas Respondent subjected his victim to extreme psychological and emotional, trauma resulting from a continued barrage of terror lasting nearly five years.
Thus, we find the referee’s recommendation of a ninety-day suspension insufficient. Accordingly, Respondent is suspended and enjoined from the practice of law for a period of two years. Because of the long-standing nature of Respondent’s problems, we also impose as a condition to reinstatement the probationary terms set forth in the Report of Referee. The suspension will be effective thirty days from the filing of this opinion so that Respondent can close out his practice and protect the interest of existing clients. If Respondent notifies this Court in writing that he is no longer practicing law and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Respondent shall accept no new business from the date this opinion is filed. Judgment is entered against Respondent for costs in the amount of $2,028.54, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., dissents with an opinion.
OVERTON, J., recused.

. Art. V, § 15, Fla. Const.

. Respondent was a member of The Florida Bar at the time of this earlier arrest.

. The referee found that Respondent violated Rule 3-4.3 (the commission by a lawyer of any act which is unlawful, whether the act is a felony or misdemeanor); Rule 3-4.4 (misconduct that constitutes a felony or misdemeanor); and Rule 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer in other respects).