417 So.2d 985 (1982)
THE FLORIDA BAR, Complainant,
v.
Homer Allen ROSS, Respondent.
No. 61511.
Supreme Court of Florida.
July 22, 1982.
*986 Stanley A. Spring, Staff Counsel, Tallahassee, and Roberta J. Fox, Bar Counsel, Tampa, for complainant.
Larry Byrd, Sarasota, for respondent.
PER CURIAM.
This attorney-discipline proceeding is before the Court on the complaint of The Florida Bar and the report of a referee. The referee found serious misconduct and recommended disbarment. Neither party has petitioned for review of the referee's findings or recommendation. We disbar the respondent and assess against him the costs incurred by The Florida Bar in this proceeding.
The Florida Bar brought its complaint in four counts. A referee was assigned and held a hearing. Respondent received notice pursuant to article XI, rule 11.13(2) of the Integration Rule of The Florida Bar. Respondent did not personally attend the hearing but was represented there by counsel.
With regard to count one, the referee found that respondent made a false statement in accounting to a client for the disposition of funds held in trust and converted $75,723.90 of the client's money to his own use, thereby violating rule 11.02 of the Integration Rule and numerous provisions of the Code of Professional Responsibility.
On count two, the referee found that respondent received $8,000 from clients in a matter unrelated to count one, failed to apply the money to its intended purposes, and converted it to his own use, thereby again violating the Integration Rule and the Code.
Regarding count three, the referee found, based on a Bar audit of respondent's trust account, that respondent had used funds held in trust to meet his personal obligations in violation of the Integration Rule and the Code.
On count four, the referee found that respondent violated the Integration Rule and the Code by maintaining his trust account with inaccurate and incomplete reconciliations.
We approve and adopt the referee's findings of fact and the recommended discipline. Respondent is disbarred from the practice of law, effective immediately. We assess the costs of these proceedings against respondent in the amount of $1,084.69.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.