489 So.2d 726 (1986)
THE FLORIDA BAR, Complainant,
v.
Eric A. RODRIGUEZ, Respondent.
No. 66253.
Supreme Court of Florida.
June 12, 1986.
*727 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Paul A. Gross, Bar Counsel, Miami, for complainant.
Aladar E. Paczier, Miami, for respondent.
PER CURIAM.
This disciplinary proceeding by The Florida Bar against Eric A. Rodriguez, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of the Florida Bar, the referee's report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
During January 1982, Mr. Oscar Rivero retained the Respondent to represent him in a personal injury case. During March 1983, the Respondent received a draft for $3,250, payable to Oscar Rivero and Eric Rodriguez, his attorney. Although Mr. Rivero requested the funds, the Respondent did not give the money to him, as Respondent had converted said funds without authority, to his own use. Record, Page 4, 6 and 14. After my finding the Respondent guilty, he testified as follows:
I have used money previously, clients' money previously for living expenses. I have comingled their funds with mine, but I have paid these other people back. Record, Page 21.
* * * * * *
When I was short I would take money from a client for my own use, and then when I would make some money I would pay them.
Based upon the testimony in this case, it is apparent the Respondent had financial, alcohol and matrimonial problems. He abandoned his practice and moved to California, where he worked as a short order cook. He later worked as a truck driver in Texas. He stopped drinking, "and he started to rehabilitate himself." Record, Pages 7 and 8.
The referee recommends that respondent be found guilty of violating Disciplinary Rules 1-102(A)(4), 1-102(A)(6), 6-101(A)(3), 9-102(B)(1) and 9-102(B)(4) of the Code of Professional Responsibility and that respondent be disbarred.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Eric A. Rodriguez, is hereby disbarred from the practice of law in the State of Florida effective July 14, 1986, thereby giving respondent thirty (30) days to close out his practice and take the necessary steps to protect his clients. Respondent shall accept no new business from the date of this opinion.
Judgment for costs in the amount of $576.00 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.