PER CURIAM.
This proceeding is before the Court pursuant to The Florida Bar’s complaint and the referee’s uncontested report. We have jurisdiction. Art. V, § 15, Fla. Const.
Respondent, a member of The Florida Bar, was retained by a client to invest her savings funds. The client allowed respondent to pool her funds with his own money and treat these funds as his own for investment purposes. Respondent’s client gave him $16,000 on February 3, 1981, and an additional $52,268 on March 6, 1981. The client has been unable to contact respondent and has received no information regarding her funds since March 6, 1981. Respondent has abandoned his law practice without notifying his clients, absconded with his client’s money and cannot be located.
As a result of this conduct, the referee recommended that respondent be found guilty of violating the following: Disciplinary Rules 9-102(A) (all funds of clients paid to a lawyer shall be deposited in one or more identifiable banks maintained in the state in which the law office is situated and no money belonging to the lawyer or law firm shall be deposited therein); 9-102(B)(1) (a lawyer shall promptly notify a client of the receipt of his funds, securities, or other property); 9-102(B)(2) (a lawyer shall identify and label securities and property of a client promptly upon receipt and place them in a place of safekeeping as soon as practicable); 9-102(B)(3) (a lawyer shall maintain complete records of all funds and securities of client coming into the possession of the lawyer and render appropriate accounts to his client regarding them); 9-102(B)(4) (a lawyer shall promptly *894 pay or deliver to the client the funds and securities in the possession of the lawyer which the client is entitled to receive); and Integration Rule 11.02(4) (money entrusted to an attorney for a specific purpose is held in trust and must be applied only to that purpose).
Respondent failed to respond to the request for admissions submitted by The Florida Bar; therefore, the matters therein were deemed admitted in accordance with Florida Rule of Civil Procedure 1.370. The referee recommends that respondent be disbarred from The Florida Bar and pay all costs of this action.
We approve the referee’s findings and recommendation. Accordingly, respondent’s name is hereby stricken from the roll of attorneys in the State of Florida effective this date. Judgment for costs in the amount of $300 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDonald, c.j., overton, EHRLICH, SHAW and BARKETT, JJ., and ADKINS, J. (Ret.), concur.