527 So.2d 818 (1988)
THE FLORIDA BAR, Complainant,
v.
Eugene T. GILLIS, Respondent.
No. 71142.
Supreme Court of Florida.
July 7, 1988.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, Tallahassee, and Jacquelyn Plasner Needelman, Bar Counsel, Fort Lauderdale, for complainant.
No appearance for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the uncontested referee's report pursuant to Rule 3-7.6(c)(6) of the Rules Regulating The Florida Bar.
The referee found that respondent represented a client in an action to recover for personal injuries. Respondent effected a settlement in which the client agreed to accept $500.00 in exchange for a full and final release. Respondent received the settlement funds. The client had agreed to allow respondent to retain $150.00 from the settlement proceeds as his fee. The settlement and payment of the settlement amount occurred in June 1984. Thereafter, the client made repeated demands on respondent for the payment of the $350.00 to which the client was entitled. Respondent failed to remit the funds and failed to respond to the client's letters. The client filed a grievance with The Florida Bar in December 1986.
The respondent failed to respond to the Bar's inquiries, did not attend the grievance committee hearing, failed to respond to the formal complaint, and did not attend the hearing before the referee.
The referee found that respondent misappropriated his client's money in the *819 amount of $350.00. The referee recommended that respondent be found guilty of the charged disciplinary violations, set forth as follows: The Florida Bar Integration Rule, article XI, Rules 11.02(2) (violation of a disciplinary rule is a cause for discipline); 11.02(3)(a) (an act contrary to honesty, justice, or good morals); 11.02(3)(b) (misconduct constituting a criminal offense); and 11.02(4) (use of entrusted funds for an unauthorized purpose); The Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(1) (a lawyer shall not violate a disciplinary rule); 1-102(A)(3) (illegal conduct involving moral turpitude); 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); 9-102(A) (failure to keep client funds separate and identifiable); 9-102(B)(3) (failure to maintain complete records of client funds and render appropriate accounts); and 9-102(B)(4) (failure to promptly pay or deliver funds which a client is entitled to receive).
The referee recommends that respondent be disbarred and that he be required to pay restitution to his former client in this matter in the amount of $350.00 plus interest from June 28, 1984. We approve the referee's report. Eugene T. Gillis is hereby disbarred, effective immediately. No application for his readmission to The Florida Bar will be considered unless it be shown that he has made restitution as recommended by the referee.
The costs of this proceeding are taxed against the respondent. Judgment for costs in the amount of $505.16 is hereby entered against Eugene T. Gillis, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.