572 So.2d 1382 (1991)
THE FLORIDA BAR, Complainant,
v.
Neil A. SHANZER, Respondent.
No. 74765.
Supreme Court of Florida.
January 3, 1991.
*1383 John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, Tallahassee, and Jacquelyn P. Needelman, Bar Counsel, Miami, for complainant.
Neil A. Shanzer, Miami, in pro per.
Paul Louis, Miami, for respondent.
PER CURIAM.
This matter is before us upon the referee's report recommending disbarment for trust fund violations. Respondent, Neil A. Shanzer, petitions for review, contending that disbarment is too harsh a punishment in light of the mitigating evidence presented. We have jurisdiction[1] and approve the referee's report.
The Florida Bar filed a seven-count complaint against respondent. Count one alleged violation of the trust account recordkeeping requirements. Count two alleged that respondent retained the interest in his trust accounts for his personal use. Counts three, four, five, six, and seven alleged misappropriation of funds and shortages in respondent's trust account.
Respondent admitted the allegations in an unconditional guilty plea, reserving only the question of discipline before the referee. The referee recommended disbarment after finding three aggravating circumstances: (1) dishonest or selfish motive; (2) a pattern of misconduct; and (3) multiple offenses. Respondent argued before the referee, and reiterates before this Court, that his emotional problems during the nine months which spanned his defalcations, as well as his full cooperation with the Bar, his remorse, rehabilitation, and the payment of restitution, mitigate his conduct and call for discipline less than disbarment.
This Court has repeatedly asserted that misuse of client funds is one of the most serious offenses a lawyer can commit and that disbarment is presumed to be the appropriate punishment. The Fla. Bar v. Farbstein, 570 So.2d 933 (Fla. 1990); The Fla. Bar v. Newman, 513 So.2d 656 (Fla. 1987). In some cases we have found that presumption rebutted by mitigating evidence, and we imposed the slightly lesser discipline of suspension. See, e.g., The Fla. Bar v. Schiller, 537 So.2d 992 (Fla. 1989). In the overwhelming number of recent cases, we have disbarred attorneys for misappropriation of funds notwithstanding the mitigating evidence presented. See The Fla. Bar v. Shuminer, 567 So.2d 430 (Fla. 1990); The Fla. Bar v. Golub, 550 So.2d 455 (Fla. 1989); The Fla. Bar v. Fitzgerald, 541 So.2d 602 (Fla. 1989); The Fla. Bar v. Gillis, 527 So.2d 818 (Fla. 1988); The Fla. Bar v. Newhouse, 520 So.2d 25 (Fla. 1988); The Fla. Bar v. Bookman, 502 So.2d 893 (Fla. 1987); The Fla. Bar v. Knowles, 500 So.2d 140 (Fla. 1986); The Fla. Bar v. Rodriguez, 489 So.2d 726 (Fla. 1986); The Fla. Bar v. Ross, 417 So.2d 985 (Fla. 1982).
In the case before us, we likewise fail to find that the mitigating evidence submitted warrants a discipline less than disbarment.[2] Respondent argues that his depression, primarily over his marital and economic problems, led him to use his trust account for personal purposes. These problems, unfortunately, *1384 are visited upon a great number of lawyers. Clearly, we cannot excuse an attorney for dipping into his trust funds as a means of solving personal problems. We recognize that mental problems as well as alcohol and drug problems may impair judgment so as to diminish culpability. However, we do not find that the referee abused his discretion in not finding this to be one of those cases.
We are not unmindful of respondent's cooperation with the Bar and restitution efforts,[3] and these efforts should be considered upon any reapplication for membership in The Florida Bar.
Accordingly, we hereby disbar respondent pursuant to rule 3-5.1(f) of the Rules Regulating The Florida Bar. In order to protect his clients and close out his practice in an orderly fashion, Shanzer is enjoined and prohibited from the practice of law in this state effective thirty days from the date this opinion is filed. Shanzer will accept no new business after the filing date of this opinion. Judgment is entered against Shanzer for costs in the amount of $1,468.25, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Art. V, § 15, Fla. Const.; R. Regulating Fla.Bar 3-7.6.
[2] Respondent's testimony about his problems was the only evidence presented to the referee.
[3] Although we note that respondent still owes $3,643.76 in restitution.