PER CURIAM.
The Florida Bar petitions for review of a referee’s recommendation that we suspend Crowder from the practice of law for six months. We have jurisdiction. Art. V, § 15, Fla. Const.; R. Regulating Fla. Bar 3-7.7. We approve the referee’s report and recommendations.
The bar filed a complaint against Crow-der for writing unauthorized checks to himself from the account of an estate for which he served as personal representative (Count I), and for neglecting the affairs of the estate (Count II). After hearing the matter, the referee found Crowder guilty on both counts and recommended that we suspend him for six months. The bar argued for a three-year suspension in opposition to Crowder’s contention that a thirty-day suspension would be adequate.
Based upon our reading of the record, this Court remanded the case, requesting that Crowder undergo an examination and permitting the referee to determine whether Crowder should be placed on the inactive list for incapacity, pursuant to Rule Regulating The Florida Bar 3-7.13. The referee submitted a second report, finding that Crowder did not meet the criteria for placement on the inactive list for incapacity not related to misconduct, and recommending that we approve or reject the report and recommended penalty previously submitted.
The bar correctly argues that Crowder’s cumulative misconduct in handling the funds and the affairs of the estate amounts to serious professional violations. The referee was aware of this fact and, based on the totality of the circumstances, found a six-month suspension warranted. In arriving at this decision, the referee considered mitigating evidence including Crowder’s age (71), his 38V2 years as a member of The Florida Bar, and his prior record.
We approve the referee’s findings as to guilt and recommended discipline. We hereby suspend Charles J. Crowder from the practice of law for six months beginning October 14, 1991, which gives him thirty days to close out his practice and protect the interests of his clients. Upon reinstatement, he shall be placed on probation for two years. We note that Crowder has already reimbursed the estate for all funds he received, including his fee, and has paid the bar $994.55 in costs. Judg *936 ment for additional costs of $1,309.18 is hereby entered against Crowder, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, BARKETT, GRIMES and HARDING, JJ., concur.
KOGAN, J., concurs in part and dissents in part with an opinion.