605 So.2d 53 (1992)
THE FLORIDA BAR, Complainant,
v.
David A. GRAHAM, Respondent.
Nos. 77150, 76028.
Supreme Court of Florida.
June 11, 1992.
Rehearing Denied October 8, 1992.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David M. Barnovitz, Bar Counsel, Ft. Lauderdale, for complainant.
Scott K. Tozian, Smith and Tozian, P.A., Tampa, for respondent.
PER CURIAM.
David A. Graham (Graham) petitions this Court challenging the referee's recommendation of disbarment in case No. 77,150. We have jurisdiction,[1] and uphold the referee's recommendation disbarring the respondent from the practice of law.
Case No. 76,028 concerns Graham's initial temporary suspension from the practice of law. On June 5, 1990, this Court temporarily suspended Graham from the practice of law because of allegations of great public harm including theft of clients' funds, misrepresentations to The Florida Bar during its bar disciplinary investigation, and a lack of trust account records and procedures compliance. Thereafter, Graham filed a petition to dissolve the temporary suspension. The Court appointed a referee to review Graham's petition for dissolution of the temporary suspension. On November 13, 1990, the referee held a hearing and recommended that Graham be conditionally reinstated. The referee filed a report with this Court on December 17, 1990, stating the recommended conditions for Graham's reinstatement. The Florida Bar petitioned the Court for review of the referee's conditional reinstatement of Graham.
The Florida Bar subsequently filed its formal complaint in case No. 77,150 concerning Graham's misconduct outlined in case No. 76,028. The referee scheduled a final hearing on February 27, 1991, and issued a report recommending that Graham be disbarred from the practice of law. We have consolidated these cases for the purpose of this opinion.
Both cases involve the respondent's same unethical conduct from the period of June 1989 to June 1990. In case No. 77,150, The Florida Bar charged Graham with twelve counts of misconduct arising from theft of client funds, false representations to The Florida Bar, and trust account procedure violations. The referee found the following facts:

Count I: Misappropriation of Kramer's funds
The referee found that Graham misappropriated $12,737.68 from settlement proceeds received on behalf of his client, Darrell Kramer, an infant.

Count II: Misrepresentation to the bar re: Kramer
The referee found that Graham lied to The Florida Bar in regard to an inquiry *54 concerning disposition of Kramer's settlement funds. In a letter to The Florida Bar, Graham stated that he held Kramer's funds in a trust account. However, in fact, Graham had already misappropriated the funds for his own use.

Count III: Misrepresentation to the bar while under oath
At a disciplinary hearing on April 16, 1990, Graham falsely testified under oath that he had restored the misappropriated funds from the Kramer settlement into a trust account. At the time of Graham's testimony, he had not restored the misappropriated funds.

Count IV: Mismanagement of Kramer's settlement claims
After receiving Kramer's settlement funds, Graham failed to establish a guardianship account until his first temporary suspension from the practice of law. In addition, Graham failed to follow the trial court's order concerning Kramer's claim by knowingly and deliberately making payments to Kramer's mother without the guardianship court's permission.

Count V and VI: Misrepresentation to the bar re: Seeger
The referee found that Graham represented George and Donna Seeger (Seeger) in a personal injury action. At the disciplinary hearing on April 16, 1990, Graham falsely testified under oath that he had completely disbursed the Seeger account funds. However, the record reveals that at the time of his testimony, an outstanding physician's bill for $1,400 existed in Seeger's account. A subsequent bar audit showed that the $1,400 accounted for a portion of the $30,503.13 of Graham's trust account shortages.

Count VII, VIII, IX, X, XI, XII: Trust account violations
The referee found that Graham commingled his personal funds with his operating account. In addition, the referee found that on October 26, 1989, Graham issued a $25,000 check to a client, Robert Simmons, which the bank dishonored for insufficient funds. Upon redeposit, the bank honored the check because Graham had deposited $30,000, which represented proceeds from another client's accident claim.
The referee also found that in January 1990, Graham wrote four checks which the bank dishonored for insufficient funds. Graham's bank statement for the month showed a month-end overdraft balance in the sum of $904.33. In the following month, the referee found that the bank returned ten checks for insufficient funds. A subsequent audit of Graham's operating account showed the following shortages: $12,852.93 on August 31, 1989; $21,340.56 on September 30, 1989; $29,013.80 on October 31, 1989; $18,868.64 on November 30, 1989; $18,059.80 on December 31, 1989; and $17,240.41 on January 31, 1990.
The referee also found that Graham commingled his operating funds with his client trust account and a second client trust account in order to cover shortages. An audit of Graham's client trust account funds and his operating account showed the following shortages: $15,999.40 on February 28, 1990; $16,043.49 on March 31, 1990; $30,503.13 on April 30, 1990; and $30,025.25 on May 31, 1990. By June 30, 1990, Graham had reduced the amount of shortages in the operating and client trust accounts to $5,686.33 and to $4,535.81 by July 31, 1990. The referee found that Graham had borrowed $5,000 and had collected some fees from closed cases in order to reduce the shortages.
In addition to the shortages, the referee found that Graham improperly allowed his wife, a nonlawyer, access to the operating account as a signatory. Further, his wife issued twenty-four checks on the account which had no nexus to Graham's practice of law. Finally, the referee found that Graham failed to follow minimum trust accounting records and procedures.
Regarding the misappropriation of funds, the referee found Graham guilty of violating Rules Regulating The Florida Bar 3-4.2 (a lawyer shall not violate the Rules of Professional Conduct), 3-4.3 (a lawyer shall not commit any act which is unlawful or contrary to honesty and justice), 4-1.15(a) (a lawyer shall hold in trust separate from the lawyer's own property, funds and property *55 of clients in connection with representation), 4-1.15(b) (a lawyer shall promptly deliver to the client any funds the client is entitled to receive), 4-1.15(d) (a lawyer shall comply with the rules regulating trust accounts), 4-8.4(a) (a lawyer shall not violate the Rules of Professional Conduct), 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on his honesty, trustworthiness or fitness to practice law), 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation), and 5-1.1 (money entrusted to an attorney for a specific purpose must be applied only to that purpose). The referee found that Graham's misrepresentations in his letter to The Florida Bar concerning the Kramer settlement and his misrepresentations at the disciplinary hearing while under oath each constituted violations of Rules Regulating The Florida Bar 3-4.3 (a lawyer shall not commit any act which is unlawful or contrary to honesty and justice), 4-8.1(a) (a lawyer shall not knowingly make a false statement of material fact in connection with a disciplinary matter), and 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). The referee also found that Graham's failure to establish Kramer's guardianship account until after his suspension and his failure to conclude Kramer's representation violated Rules Regulating The Florida Bar 4-1.1 (a lawyer shall provide competent representation to a client), and 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client). Finally, the referee found that in allowing a nonlawyer to be a signatory to his operating account, Graham violated Rule Regulating The Florida Bar 4-1.15(a) (a lawyer shall not commingle personal or firm funds with a client's funds).
Graham raises two challenges to the referee's recommendation of disbarment. First, Graham contends that the referee erred in finding that he falsely testified regarding disbursement of the Seeger proceeds, and that he misappropriated funds from the Seeger account. Second, Graham argues that his misconduct does not warrant disbarment because significant mitigating factors exist, such as the absence of a prior disciplinary record, personal and emotional problems, and a timely good faith effort at restitution and remorse. Thus, Graham concludes that the Court should overturn the referee's recommendation of disbarment.
A referee's factual findings are presumed correct and will be upheld by this Court unless the findings are clearly erroneous and lacking in evidentiary support. The Fla. Bar v. Seldin, 526 So.2d 41 (Fla. 1988). The record reflects that on April 16, 1990, Graham stipulated that he owed the physician in the Seeger case $1,400. At the disciplinary hearing that same day, Graham testified under oath that he had disbursed all the monies concerning the Seeger account. An audit of Graham's accounts showed a $30,503.13 shortage which encompassed the $1,400 owed to the physician in the Seeger case. Graham has failed to show that the referee's findings are clearly erroneous or lacking in evidentiary support. Thus, we uphold the referee's findings regarding counts V and VI.
We also reject Graham's argument that suspension is more appropriate than disbarment because of the existence of significant mitigating factors in this case. The instant case involves two of the most serious charges that may be brought against a lawyer, misuse of a client's funds and lying.
As this Court stated in The Florida Bar v. Shanzer, 572 So.2d 1382, 1383 (Fla. 1991):
This Court has repeatedly asserted that misuse of client funds is one of the most serious offenses a lawyer can commit and that disbarment is presumed to be the appropriate punishment. The Fla. Bar v. Farbstein, 570 So.2d 933 (Fla. 1990); The Fla. Bar v. Newman, 513 So.2d 656 (Fla. 1987). In some cases we have found that presumption rebutted by mitigating evidence, and we imposed the slightly lesser discipline of suspension. See e.g., The Fla. Bar v. Schiller, 537 So.2d 992 (Fla. 1989). In the overwhelming number of recent cases, we have *56 disbarred attorneys for misappropriation of funds notwithstanding the mitigating evidence presented. See The Fla. Bar v. Shuminer, 567 So.2d 430 (Fla. 1990); The Fla. Bar v. Golub, 550 So.2d 455 (Fla. 1989); The Fla. Bar v. Fitzgerald, 541 So.2d 602 (Fla. 1989); The Fla. Bar v. Gillis, 527 So.2d 818 (Fla. 1988); The Fla. Bar v. Newhouse, 520 So.2d 25 (Fla. 1988); The Fla. Bar v. Bookman, 502 So.2d 893 (Fla. 1987); The Fla. Bar v. Knowles, 500 So.2d 140 (Fla. 1986); The Fla. Bar v. Rodriguez, 489 So.2d 726 (Fla. 1986); The Fla. Bar v. Ross, 417 So.2d 985 (Fla. 1982).
We find that the mitigating factors in the instant case do not outweigh the presumption that disbarment is the appropriate discipline. Our review of the record reveals the existence of two mitigating factors: first, that Graham has no prior disciplinary history; and second, that Graham has taken steps to correct the trust account shortages. Graham argues that his emotional and personal problems stemming from his father's death, mother's illness, and financial obligations contributed to his emotional state and unethical conduct. Sadly, stressful familial and financial obligations are common problems. However, we cannot excuse a lawyer's misappropriation of a client's funds and misrepresentations to cover up any wrongdoings as a means to solve life's problems. Absent evidence casting doubt on a lawyer's culpability, such as evidence of mental or substance-abuse problems, a lawyer is held fully responsible for any misconduct. Cf. Shanzer, 572 So.2d at 1384 (where this Court held a lawyer responsible for misconduct in the absence of mental, alcohol or drug problems impairing the lawyer's judgment so as to diminish culpability). Graham's misappropriations, failure to follow trust account procedures, and repeated misrepresentations and false testimony while under oath demonstrate an unfitness to practice law. Dishonesty and a lack of candor cannot be tolerated by a profession that relies on the truthfulness of its members. We find that Graham's conduct has demonstrated an attitude that is wholly inconsistent with the approved professional standards, and thus, warrants disbarment.
Accordingly, we disbar David A. Graham pursuant to rule 3-5.1(f) of the Rules Regulating The Florida Bar. The disbarment will be effective from the date of his temporary suspension, June 5, 1990. Judgment is entered against Graham for costs in the amount of $2,464.06, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Art. V, § 15, Fla. Const.