PER CURIAM.
The referee’s disciplinary report in consolidated cases is before the Court on complaint from The Florida Bar (Bar) against Johnny F. Smiley (Smiley). We have jurisdiction. Art. V, § 15, Fla. Const.
The referee found, in case number 78,-526, count I, that Smiley represented the Greater Holy Temple of God in its purchase of Fellowship Outreach Ministries from the Beaver Street Baptist Church and was given $10,000 by the sellers to hold in trust to pay an anticipated Internal Revenue Service assessment against Fellowship Outreach Ministries. Smiley misappropriated the $10,000 to his own use by withdrawing money on several occasions to pay his office expenses. Final restitution was made several years later, after the Bar’s entry into the case.
The referee found as to count II of case 78,526 that during the period from 1988 to 1990, Smiley did not maintain client ledger cards for his trust account; did not prepare monthly trust comparisons; did not maintain a cash receipts and disbursements journal; did not maintain required monthly bank statements; did not fully identify the sources of the funds on deposit slips, the purposes of the deposits or the clients involved; and, on several occasions, disbursed money from the trust account against uncollected funds.
The referee found in ease number 78,881, count I, that Smiley’s representation of the Clarks in a bankruptcy proceeding caused them to lose their home; Smiley has not made full restitution of the fees the Clarks paid him. The referee found regarding count II that in Smiley’s representation of the estate of Williams, he failed to complete probate within the statutory period, causing the estate to be dissipated, for which no restitution has been shown. The referee found, in count III, that in Smiley’s representation of Ms. Webb in an action to foreclose on a house, the proceedings were not completed in a timely fashion, so that by the time of the foreclosure, the debtor had moved away from the house and had left it wrecked. More than $1000 of restitution is owed to Webb.
The referee found Smiley guilty of violating the Rules Regulating The Florida Bar.[1] In mitigation the referee found that Smiley had no prior discipline; was involved in professional and civic activities and to his detriment refused to turn away marginal cases and clients unable to pay; had been involved in a complex six-week trial, which contributed to his financial difficulties; and had made efforts at rehabilitation. In aggravation she found that Smiley had falsely certified to the Bar that he kept all required trust records, had followed all trust accounting procedures, and that no shortages existed; had falsely certified his residency within the Southern District of Florida in an effort to evade creditors when he filed for personal bankruptcy; had deliberately misappropriated $10,000 from a church trust account; had forged or had another forge a signature on a bankruptcy petition; had failed to cooper *467 ate with the Bar’s investigation by failing to produce his trust account records; and had falsely stated under oath at the hearing that he had received only $5,300 in fees which he had deposited in his special trust account, pursuant to this Court’s temporary suspension order. In point of fact he had received an additional fee in excess of $10,000, which he had deposited into a personal account. The referee’s findings of fact are supported by competent, substantial evidence and therefore are considered conclusive. The Fla. Bar v. Seldin, 526 So.2d 41, 43 (Fla.1988).
Based on these facts, the referee recommended that Smiley be disbarred. We approve the recommended discipline and reject Smiley’s argument that suspension is more appropriate than disbarment. Two matters are dispositive in this case. The first is the matter of taking money from a trust fund for personal use. This Court repeatedly has said that misuse of funds is one of the most serious offenses a lawyer can commit and that disbarment is presumed to be the appropriate punishment. The Fla. Bar v. Shanzer, 572 So.2d 1382, 1383 (Fla.1991) (citing numerous cases); see also Fla.Stds. Imposing Law.Sancs. 4.11 (disbarment is appropriate when a lawyer intentionally or knowingly converts client property regardless of injury). The second is the fact that Smiley lied about the receipt of a large fee which he failed to deposit in his trust account but instead deposited into his personal account, in an effort to evade this Court’s emergency suspension order.[2] “Our system of justice depends for its existence on the truthfulness of its officers. When a lawyer testifies falsely under oath, he defeats the very purpose of legal inquiry. Such misconduct is grounds for disbarment.” The Fla. Bar v. O’Malley, 534 So.2d 1159, 1162 (Fla.1988); see also Fla.Stds. Imposing Law. Sanes. 6.11 (disbarment is appropriate where lawyer, with the intent to deceive the court, knowingly makes a false statement or submits a false document).
Accordingly, Smiley is disbarred nunc pro tunc April 23, 1991, the date of his suspension. Smiley is enjoined and prohibited from the practice of law in this state and shall comply with the requirement of rule 3-5.1(g) of the Rules Regulating The Florida Bar. Judgment is entered against Smiley for costs in the amount of $12,-281.33, for which sum let execution issue.
We affirm the referee’s findings that restitution is owed to the Clarks ($590) and Mrs. Webb ($1202.50), which are supported by competent, substantial evidence, and approve her recommendation that a lien be imposed against Smiley’s trust account to ensure that restitution is made to these persons. We therefore direct that a lien be imposed for this purpose, and once restitution is made, that the lien be dissolved.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. The referee found that Smiley violated the following Rules Regulating The Florida Bar: 4-1.1 (a lawyer shall provide competent representation); 4-1.15(a) (a lawyer shall hold in trust, separate from the lawyer's own property, funds and property of clients); 4-1.2(a) (a lawyer shall abide by a client’s decisions); 4-1.3 (a lawyer shall act with reasonable diligence); 4-1.4(a) (a lawyer shall keep a client reasonably informed); 4-1.5(a) (a lawyer shall not charge an excessive fee); 4-8.4(b) (a lawyer shall not commit a criminal act); 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); 5-1.1 (money or other property entrusted to a lawyer for a specific purpose must be applied only to that purpose); 5-1.2(b) (trust accounting records shall be maintained); and 5-1.2(c) (trust accounting procedures shall include performing a monthly reconciliation of all trust bank accounts).

. This Court approved an emergency order suspending Smiley on April 23, 1991. The Fla. Bar v. Smiley, 587 So.2d 1330 (Fla.1991) (table).