632 So.2d 70 (1994)
THE FLORIDA BAR, Complainant,
v.
Richard P. CONDON, Respondent.
Nos. 77463, 78723.
Supreme Court of Florida.
February 17, 1994.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Thomas E. DeBerg, Asst. Staff Counsel, Tampa, for complainant.
Donald A. Smith, Jr., Smith and Tozian, P.A., Tampa, for respondent.
*71 PER CURIAM.
This matter is before the Court on complaint from the Florida Bar (Bar) and recommendation of the referee. The Bar petitions for review of the referee's recommended sanction of suspension and seeks disbarment of respondent Condon, who also seeks review and suggests that probation would be the appropriate discipline. We disapprove the referee's recommended six-month suspension and find that an eighteen-month suspension is more appropriate. We have jurisdiction. Art. V, § 15, Fla. Const.
The amended referee's report[1] found Condon in violation of numerous Bar rules. In Case No. 77,463, the following violations were found: 1) depositing client Austin's settlement check into his general account, thus a violation of rule 4-1.15(a) of the Rules Regulating The Florida Bar; 2) using the Austin check for purposes unrelated to his client's interests, a violation of rule 5-1.1; and 3) based on an audit instigated by the above actions, violations of rules 4-8.4(c), rule 5-1.1(e), rule 5-1.2(b)(4), rule 5-1.2(b)(5), rule 5-1.2(b)(6), rule 5-1.2(c)(1), (2) and (3), and rule 5-1.2(c)(4).
In Case No. 78,723 the referee found Condon committed the following violations: Count I: receiving funds from Woolf Printing for the settlement of a pending tax action, stating in writing that these funds were placed in escrow despite knowingly placing the funds in his general account and using such funds for other purposes, a violation of rules 5-1.1 and 4-8.4(c); Count II: prejudicial actions at a deposition involving the throwing of objects, a violation of rule 4-8.4(d); Count III: a lack of diligence in administering an estate by using the client's funds without authorization, maintaining a deficit in the trust account, charging fees against the estate without the required personal representative or court approval and the placing of estate funds in his general account when a trust account should have been used, a violation of rules 4-1.3 and 5-1.1;
The referee recognized as mitigating factors the respondent's depression, anxiety, absence of prior disciplinary action, remorse, and continuing medical treatment. Aggravating factors relate to his lengthy professional life of twenty-two years, a limited ability to manage a case load, and a lack of cooperation with the Bar auditors. The referee recommended:
Respondent be suspended for a fixed period of six (6) months and then thereafter until Respondent shall prove rehabilitation and for an indefinite period until Respondent shall: (1) pay the costs of these proceedings; (2) receive medical clearance from his treating physician that he is competent to practice law in this state, said report to include any medications Respondent is required to take on a regular basis and any on-going/continuing treatment/therapy Respondent is required to undergo and (3) complete a Florida Bar Course in law office management and trust accounting, all as provided in Rule 3-5.1(e). Upon re-commencing the practice of law Respondent shall, for an indefinite period of time, be required to submit quarterly reports indicating compliance with all rules involving trust accounts and informal summary audits of said accounts.
Costs in the amount of $13,840.60 were assessed.
In reviewing the referee's report, we find that while Condon's behavior is egregious, suspension is in accord with this Court's discipline for similar misconduct. The Fla. Bar v. Shannon, 376 So.2d 858 (Fla. 1979) (suspension held appropriate for estate mishandling); The Fla. Bar v. Beaver, 248 So.2d 477 (Fla. 1971) (counseling client to misrepresent his financial position warrants suspension).
Condon's misuse of trust account funds is one of the most serious offenses a lawyer can commit and disbarment is normally presumed to be the appropriate discipline. The Fla. Bar v. Simring, 612 So.2d 561 (Fla. 1993); The Fla. Bar v. Graham, 605 So.2d 53 (Fla. 1992); The Fla. Bar v. Shanzer, *72 572 So.2d 1382, 1383 (Fla. 1991). However, as in the instant case, disbarment may be excessive discipline when mitigating evidence of mental or substance abuse problems cast doubt upon the intentional nature of the attorney's misconduct. Graham, 605 So.2d 53.
We are in agreement with the referee that Condon's mental and emotional state, his continuing medical treatment, an absence of prior disciplinary action, and his showing of remorse are factors that, in this instance, mitigate against disbarment. However, we find that an eighteen-month suspension more properly reflects the severity of Condon's violations.
Condon's suspension is effective thirty days from the filing of this opinion. This will allow Condon to close out his practice and protect the interests of existing clients. If he notifies this Court, in writing, that he is no longer practicing and does not need the thirty days, this Court will enter an order making the suspension effective immediately. He shall accept no new business from the date this opinion is filed. Judgment is entered against him for costs in the amount of $13,840.60, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] The referee's findings of fact are supported by competent, substantial evidence and will be considered conclusive. The Fla. Bar v. Anderson, 594 So.2d 302 (Fla. 1992); The Fla. Bar v. Seldin, 526 So.2d 41, 43 (Fla. 1988). Respondent Condon has not shown any evidence to the contrary.