639 So.2d 604 (1994)
THE FLORIDA BAR, Complainant,
v.
Charles B. CORCES, Respondent.
No. 78969.
Supreme Court of Florida.
June 30, 1994.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee and Thomas E. DeBerg, Asst. Staff Counsel, Tampa, for complainant.
Anthony F. Gonzalez, Tampa, for respondent.
PER CURIAM.
In this attorney discipline case, both The Florida Bar and the accused attorney, Charles B. Corces, seek review of the referee's recommendation that Corces be suspended for one year for his violations of the Rules Regulating The Florida Bar. We have jurisdiction pursuant to article V, section 15, Florida Constitution. For the reasons expressed in this opinion, we suspend Corces from the practice of law for two years.
The referee's report and the record reflect the following facts. On April 29, 1988, Corces debited a client trust account for $6,755.83 and used these client funds to pay personal bills. About two months later, Corces began to repay the deficit caused by the debit and the debt was fully repaid in twenty months. This and other trust account violations were discovered in a subsequent audit by The Florida Bar. The Bar filed a complaint against Corces and the Court appointed a referee. Corces admitted his guilt regarding several of the alleged violations but denied that the personal use of client trust funds was intentional.
At Corces' hearing, the Bar introduced numerous documents relating to the alleged misuse of client funds but presented no witnesses. Corces called his bookkeeper as a witness and elicited testimony that the debit was the result of a bookkeeping error. She testified that she told Corces that there were adequate earned attorney's fees in the account to support the debit and that her statement to Corces was the result of a clerical mistake. The referee found the bookkeeper's testimony to be "incredulous" and determined that, based on the bookkeeper's lack of credibility and the numerous exhibits including bank and trust account records, Corces intentionally took client funds for personal use. Later, at the final argument on discipline, Corces attempted to bolster the credibility of his bookkeeper by presenting character evidence. Corces also testified during this hearing and stated that he knew about the trust account problem within a matter of days after the debit and knew that he had made a terrible mistake.
In his report, the referee recommends that Corces be found guilty of all violations alleged in the Bar's Complaint. Specifically, the referee found Corces guilty of violating the following Rules Regulating The Florida Bar: rule 4-1.15(a) (commingling); rule 5-1.1(a) (money or other property entrusted to an attorney for a specific purpose is held in trust and must be applied only to that purpose); rule 5-1.1(b) (any bank or savings and loan association account maintained by an *605 attorney to comply with rule 4-1.15 is and shall be clearly labeled and designated as a trust account); rule 5-1.1(c) (an attorney shall preserve the records of all bank and savings and loan association accounts pertaining to clients' funds for at least six years); rule 5-1.1(e) (Interest on Trust Accounts (IOTA) program); rule 5-1.2(b)(1) (a separate bank account shall be maintained and clearly labeled and designated as a "trust account"); rule 5-1.2(b)(3) (original canceled checks, all of which must be numbered consecutively, must be maintained); rule 5-1.2(b)(5) (a separate cash receipts and disbursements journal must be maintained); rule 5-1.2(b)(6) (a separate file or ledger with an individual card or page for each client or matter must be maintained); rule 5-1.2(b)(7) (all bank or savings and loan association statements for all trust accounts must be maintained); rule 5-1.2(c)(1)(A) and (B), (2), (3) (bank reconciliations must be maintained, monthly comparisons and annual listings must be maintained); rule 3-4.3 (commission of an act which is unlawful or dishonest); rule 4-8.4(b) (criminal act reflecting adversely on the lawyer's fitness to practice); and rule 4-8.4(c) (dishonesty).
The referee also found two mitigating factors: (1) there was no client complaint or client loss, and (2) as pertaining to the administration of trust accounts, this was an isolated incident. In aggravation, the referee stated that Corces had received a prior public reprimand and a prior private reprimand. The referee reviewed relevant case law and rejected the Bar's request that Corces be disbarred. The referee also rejected Corces' requested discipline of a reprimand. Instead the referee recommended a one-year suspension and the imposition of current costs in the amount of $5,647.89 together with future costs and interest.
Both the Bar and Corces have petitioned this Court for review of the referee's recommended discipline. The Bar asserts that Corces should be disbarred; Corces answers that the referee's finding of intentional conduct was clearly erroneous and that a suspension of no more than ninety days is warranted. Based on our review of recent attorney discipline cases, we find that a two-year suspension is the appropriate discipline under the circumstances presented in this case.
In The Florida Bar v. MacMillan, 600 So.2d 457 (Fla. 1992), this Court imposed a two-year suspension on substantially similar facts. In MacMillan, an attorney intentionally borrowed a sum of money from a client trust account. Despite the intentional nature of these acts, the referee recommended a two-year suspension based on MacMillan's cooperative attitude and his timely good faith effort at restitution. On review of the referee's recommendation in this Court, we noted that "misuse of client funds is one of the most serious offenses a lawyer can commit and that disbarment is presumed to be the appropriate punishment." MacMillan, 600 So.2d at 460 (quoting The Fla. Bar v. Shanzer, 572 So.2d 1382, 1383 (Fla. 1991)); see also Fla.Stds.Imposing Law.Sancs. 4.11. However, we found that "this presumption can be rebutted by various acts of mitigation, such as cooperation and restitution." Id. (citing The Fla. Bar v. Schiller, 537 So.2d 992 (Fla. 1989)). Based on the referee's findings of these mitigating factors, we approved the two-year suspension as recommended.
In the instant case, Corces was found guilty of intentionally misappropriating client trust funds.[1] While this behavior would ordinarily lead to disbarment, the referee found that Corces had been cooperative and that restitution of the client funds had occurred prior to the Bar's investigation. The referee also found that there had been no client injury or client complaint and that this was an isolated incident. As in MacMillan, these acts of mitigation rebut the presumption of disbarment and support a more lenient punishment. However, we find no reason why the discipline imposed on MacMillan should not also apply to Corces. The one-year suspension recommended by the referee in the instant case is insufficient to deter other attorneys from like conduct or to protect the public. See Fla.Stds.Imposing Law.Sancs. *606 1.1. The proper sanction under the circumstances of this case is a two-year suspension.
Accordingly, we suspend Charles B. Corces from the practice of law for two years. This suspension shall be effective from the date of this opinion. The costs of this proceeding are taxed against Corces and judgment is entered in the amount of $5,647.89, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] Although Corces asserts that the referee clearly erred in finding that the misappropriation was an intentional act, we find sufficient evidence in the record to support the referee's finding of intentional conduct.