647 So.2d 823 (1994)
THE FLORIDA BAR, Complainant,
v.
Richard P. CONDON, Respondent.
No. 81824.
Supreme Court of Florida.
December 15, 1994.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Cheryl K. Thomas and Thomas E. DeBerg, Asst. Staff Counsels, Tampa, for complainant.
Richard P. Condon, pro se.
PER CURIAM.
This disciplinary proceeding is before the Court on complaint of The Florida Bar and the report of the referee recommending that Richard P. Condon be disbarred. Condon petitions for review. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee recommends that Condon be found guilty of violating the following Rules Regulating The Florida Bar: 1) rule 4-1.15(a) for commingling with his own funds approximately $9,500 given to him in trust by the Freemans for payment of their various mortgages that had gone into foreclosure; 2) rule 4-1.15(c) for failing to hold in trust funds in which both Condon and the Freeman's mortgagee claimed an interest; and 3) rule 5-1.1(a) for not being able to account for the mortgage funds which were to be held in trust until applied to the Freemans' various mortgages.
According to the referee's findings of fact, Condon represented the Freemans in three separate mortgage foreclosure actions brought by the mortgagee, American Funding Limited. During 1988 and 1989, the Freemans gave Condon approximately $9,500 to be placed in escrow pending resolution of the foreclosure actions. On July 18, 1989, Douglas Zahm, counsel for American Funding Limited made a written settlement offer to Condon. Condon prepared a letter of acceptance and told the Freemans that he sent Zahm the letter and the trust monies. Zahm never received the letter or the money. Thereafter, the Freemans hired new counsel A.J. Musial, Jr. An audit of Condon's accounts revealed that the monies given to Condon by the Freemans to pay their mortgages had never been accounted for. The money is gone and Condon does not know what happened to it. Based on the misconduct found, the referee recommends that Condon be disbarred.
*824 We find no merit to Condon's various challenges to the referee's findings of fact and recommendations of guilt. Our review of the record reveals competent, substantial evidence to support these findings and recommendations. Florida Bar v. Anderson, 594 So.2d 302 (Fla. 1992). However, we agree with Condon that disbarment is not warranted on this record.
In mitigation, the referee considered Condon's testimony and the affidavit of Dr. Joseph Rawlings, both of which indicated that Condon, who suffers from recurrent severe depression, had stopped taking prescribed antidepressant medication during the relevant time period, causing him to suffer from forgetfulness and to be emotionally impaired. Condon was recently found guilty of engaging in similar misconduct during the same time frame. In light of the mitigation presented in that case,[1] much of which is present in this case, we found an eighteen-month suspension proper. Florida Bar v. Condon, 632 So.2d 70 (Fla. 1994). The fact that the misconduct found in this case and the prior misconduct occurred during a period of time when Condon was suffering from the effects of depression leads us to conclude that a three-year suspension is warranted. See Florida Bar v. Graham, 605 So.2d 53, 56 (Fla. 1992) (presumption of disbarment for misuse of client funds may be overcome by evidence of mental problems that cast doubt on lawyer's culpability).
Accordingly, we accept the referee's findings of fact, adopt the referee's recommendations as to guilt, but suspend Condon from the practice of law for a period of three years. The effective date of the suspension shall be the date of Condon's original suspension in our prior decision. The suspension shall continue for three years and until such time as Condon proves rehabilitation and 1) pays the costs of this proceeding; 2) obtains a report from his treating physician that states that he is competent to practice law in this State and lists any medications Condon is required to take and any continuing treatment he is required to undergo in order to remain competent; and 3) completes a Florida Bar Course in law office management and trust accounting. Judgment is entered for costs in the amount of $2,171.26, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
WELLS, J., recused.
NOTES
[1] The same affidavit of Dr. Rawlings that was presented in this case was considered in mitigation in the prior proceeding.