LEWIS, J., dissenting.
I dissent to this Court's imposition of a mere three-year suspension. In my view, Kinsella's unethical conduct warrants disbarment. Attorneys who commit the egregious act of theft or misappropriating monies are appropriately disbarred. See, e.g. , Fla. Bar v. Anderson , 594 So.2d 302 (Fla. 1992). The majority attempts to minimize Kinsella's conduct as somehow soluble given her student loan debt. I find such flimsy mollifications to be unavailing. The "extensive" mitigation cited by the majority does not and cannot overcome the serious nature of the offenses that Kinsella committed. See majority op. at 1048.[5] The imposition of a three-year suspension, rather than disbarment, is a black eye on this Court's attorney misconduct jurisprudence. The overwhelming majority of cases involving theft have resulted in disbarment. See, e.g. , Fla. Bar v. Spear , 887 So.2d 1242 (Fla. 2004) ; Fla. Bar v. Shanzer , 572 So.2d 1382 (Fla. 1991). The majority's sanction of suspension is not authorized under the Florida Standards for Imposing Lawyer Sanctions ("the Standards") and does not have a reasonable basis in existing case law.
Kinsella was employed at Kohl's Department Store and was entrusted with handling the store's cash register. The fact that none of the stolen funds were related to the practice of law is irrelevant; Kinsella stole from those who entrusted her to handle money. See Fla. Bar v. Arcia , 848 So.2d 296, 300 (Fla. 2003) ("[F]or purposes of attorney discipline, theft of firm funds is serious enough to warrant disbarment under most circumstances."). Further, Kinsella was entrusted with handling Kohl's money in the same way that she would be entrusted to handle client funds; and, where conversion of client funds is concerned, the standards are clear:
4.11 Disbarment is appropriate when a lawyer intentionally or knowingly converts *1056 client property regardless of injury or potential injury.
Fla. Stds. Imposing Law. Sancs. 4.1 ; see also Fla. Bar v. Bloom , 972 So.2d 172, 178 (Fla. 2007) (holding disbarment was the appropriate sanction for misconduct that included misappropriation of funds and criminal charges of theft).
Likewise, Standard 5.1 provides that disbarment is appropriate when a lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice law. Fla. Stds. Imposing Law. Sancs. 5.11 ("Disbarment is appropriate when ... a lawyer engages in ... theft."). This Court has repeatedly held that misuse of funds is one of the most serious offenses a lawyer can commit and that disbarment is presumed to be the appropriate punishment. Shanzer , 572 So.2d at 1383 (citing Fla. Bar v. Farbstein , 570 So.2d 933 (Fla. 1990) ; Fla. Bar v. Newman , 513 So.2d 656 (Fla. 1987) ); see also Fla. Bar v. Spears , 786 So.2d 516 (Fla. 2001) (disbarment was warranted sanction for attorney who misappropriated client funds while under investigation for other similar misconduct); Fla. Bar v. Travis , 765 So.2d 689, 691 (Fla. 2000) (disbarment was warranted for deliberately misappropriating clients' funds over a substantial period of time and noting that "[t]he presumption of disbarment is exceptionally weighty when the attorney's misuse is intentional"); Fla. Bar v. Fitzgerald , 541 So.2d 602, 606 (Fla. 1989) (disbarment ordered where attorney misappropriated trust funds despite unrebutted evidence of attorney's rehabilitation). Here, Kinsella stole money from Kohl's cash registers on three separate occasions. She was later arrested and charged with felony grand larceny. Thus, the presumptive sanction under the Standards is disbarment, not suspension.
Again, the fact that Kinsella's theft from her employer was not related to the practice of law is irrelevant. In my view, Justice Pariente's attempt to draw distinctions between where criminal conduct occurs and different levels of criminal sophistication is fanciful at best. An individual physically removing money from a cash register and an individual conducting an electronic credit card scam are both thieves. Further, the notion that Kinsella's conduct is not comparable to other cases involving misuse of client or law firm funds is severely misguided. Attempts to distinguish thefts related or unrelated to the practice of law ignore the common denominator at issue-theft. A thief is a thief. Kinsella's conduct was dishonest and unlawful and hollow explanations pointing to an individual's circumstances cannot diminish the fact that such a deceitful act occurred on three separate occasions.
Let it be clear, debt can be no excuse for such egregious conduct-many recent law school graduates have unresolved debt. Negative public sentiment toward the legal profession would surely increase if those who make the perilous mistake of engaging in this type of behavior are not rightly punished. An individual cannot be both a lawyer and a thief.
This Court has a responsibility to protect the public's trust and confidence in the legal profession. Those who are guilty of theft tarnish all of us. To impose anything other than disbarment is a disservice to Florida's court system and democracy. Kinsella's three-year suspension undermines professionalism and creates fertile ground for public distrust.
Kinsella should be disbarred. For these reasons, I dissent.

To this point, the majority's characterization of Kinsella's post-arrest conduct as constituting "substantial" mitigation is misguided. An individual's completion of probation should not be characterized as "substantial" mitigation.